[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION AND JUDGMENT ENTRY
Appellant, Shaconda M. Sallie, was convicted of voluntary manslaughter in the 1994 shooting death of Craig Brown. During her trial, appellant maintained alternative defenses of accident and self-defense.
On direct appeal, appellant asserted that she had been denied effective assistance of counsel at trial because her attorneys failed to present evidence of "battered woman's syndrome" to bolster her self-defense claim. We concluded that the decision to omit such testimony was tactical and rejected appellant's claim of ineffective assistance of counsel. State v.Sallie (Nov. 22, 1996), Lucas App. No. L-95-263, unreported. Appellant's appeal of our decision to the Supreme Court of Ohio was unanimously rejected, with that court affirming our conclusion, "* * * that trial counsel might reasonably have determined [such] evidence * * * would appear inconsistent with the theory of accident * * *." State v. Sallie (1998), 81 Ohio St.3d 673,676.
Concurrent with the Supreme Court's consideration of this case, appellant filed a petition for postconviction relief in the trial court asserting that her trial counsel was ineffective for failing to present evidence of "battered woman's syndrome." Attached to this plea was the affidavit of a psychologist who averred that her examination of appellant showed to a reasonable degree of psychological certainty that appellant suffered from "battered woman's syndrome."
The trial court rejected appellant's request for postconviction relief without a hearing, concluding that the issue was barred by the doctrine of res judicata. Additionally, the court found that even assuming the psychologist's affidavit to be true, the decision not to present evidence of the syndrome was still tactical and the evidence dehors failed to alter that determination.
Appellant now appeals that decision.
Pursuant to Sixth Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter to our accelerated docket and, hereby, render our decision.
We concur with the trial court in both respects of its judgment. The question of whether trial counsel's failure to present evidence of "battered woman's syndrome" constituted ineffective representation was raised and rejected by this court and by the Supreme Court of Ohio. Both courts determined that the decision to forgo such evidence was a reasonable trial strategy and, therefore, presumed effective. State v. Sallie (1996),supra, unreported, citing Strickland v. Washington (1984),466 U.S. 668, 687; State v. Sallie (1998), supra at 167. Therefore, the issue was raised and is now barred from relitigation by the doctrine of res judicata. See State v. Perry (1967), 10 Ohio St.2d 175, syllabus.
Moreover, in the prior appeal there was never a question of whether there might be actual evidence of "battered woman's syndrome." The issue was whether trial counsel's performance was deficient in failing to present such evidence. We held, and the Supreme Court of Ohio affirmed, that, given the context of the case, trial counsel's decision not to present such evidence was a reasonable strategic decision and, therefore, trial counsel's representation was presumed effective. The presentation of the psychologist's affidavit changes none of that, which is why resjudicata applies and the petition fails on its merits.
Accordingly, appellant's single assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.
 _______________________________ JUDGE