OPINION
Michael E. Shockey is appealing from a judgment of the Montgomery County Common Pleas Court finding that he is a sexual predator.
On July 29, 1977, Mr. Shockey pled guilty to attempting by force to restrain a female victim for the purpose of engaging in sexual activity against her will, a violation of R.C. 2905.01(A)(4). This violation is specifically listed as a "sexually oriented offense" in the code. R.C.2950.01(D)(3). He was sentenced to a term of imprisonment of not less than five nor more than twenty-five years, but his sentence was suspended, and he was indefinitely committed to the Department of Mental Health and Mental Retardation until such time as his recovery condition improved. This court affirmed the conviction. On April 23, 1980, Mr. Shockey was found to no longer require the services of the mental institution at Lima State Hospital, and the court transferred him to the Columbus Correctional Facility.
A sexual predator hearing was held on May 12, 2000, following which the trial court found Mr. Shockey to be a sexual predator by clear and convincing evidence. Tr. 4. He timely appealed and brings to us the following three assignments of error:
 1. VERSION OF MEGAN'S LAW IS UNCONSTITUTIONAL AS APPLIED TO DEFENDANT-APPELLANT, IN THAT IT VIOLATES SECTION 1, ARTICLE I, OF THE OHIO CONSTITUTION.
 2. THAT THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT-APPELLANT, IN DETERMINING THAT DEFENDANT-APPELLANT WAS A SEXUAL PREDATOR, IN THAT SUCH DETERMINATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 3. DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO THE FACT THAT PRIOR COUNSEL FAILED TO OBJECT TO THE SUBMISSION OF THE EXPERT PSYCHOLOGICAL REPORT OF THE STATE'S WITNESS AND FAILED TO RETAIN THE SERVICE OF AN EXPERT WITNESS WHO COULD TESTIFY AS TO THE COMPETENCY OF THE DEFENDANT-APPELLANT AND TO ASSIST HIM IN HIS DEFENSE OF THE SEXUAL PREDATOR CLASSIFICATION HEARING.
The first assignment of error is overruled on the authority of Statev. Cook (1998), 83 Ohio St.3d 404, which was decided by the Supreme Court on September 30, 1998, long before Mr. Shockey's counsel filed his brief in this matter.
In his second assignment of error, Mr. Shockey argues that the determination that he was a sexual predator is against the manifest weight of the evidence.
When reviewing a trial court's determination of an appellant's status under R.C. 2950.01, an appellate court must examine the record to determine whether sufficient evidence existed in the record to satisfy the required level of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, certiorari denied (1991), 499 U.S. 961; Cross v. Ledford (1954),161 Ohio St. 469, 53 O.O. 361. A determination that an offender is a sexual predator is required to be based on clear and convincing evidence. R.C. 2950.09(B)(3). "More than a preponderance of the evidence and less than evidence beyond a reasonable doubt," clear and convincing evidence is "the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved."State v. Ingram (1992), 82 Ohio App.3d 341, 346. If the trial court's decision is supported by clear and convincing evidence, it must stand.State v. Copes (Sept. 3, 1999), Montgomery App. No. 17483, unreported; see also, In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368.
A sexual predator is a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). A trial court is permitted to look at past behavior as an important indicator when attempting to determine an individual's propensity to engage in such behavior in the future. State v. Anderson (Oct. 18, 1999), Stark App. No. 99 CA 0143, unreported. In determining whether an offender is a sexual predator, the trial court may consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
There were no witnesses presented by either party at the sexual predator hearing. The State, however, submitted nine documents which were admitted into evidence by the court without objection from Shockey's counsel. Tr. 3. The reports are identified in the following portion of the transcript of that hearing:
 MS. HOBSON: Your Honor, State would like to offer the following reports and exhibits in this case.
 The first one is a report from the Ohio Department of Corrections regarding Mr. Shockey's parole board hearings and actions.
 The second is a psychological evaluation that was provided by the Ohio Department of Rehabilitation and Corrections that his interview date is 2-5-93. That was performed by Barbara Carvey and approved by Earl S. Stump.
 The next report would be the Department of Rehabilitation and Corrections Criminal History Record for Mr. Shockey.
 The next report would be a Supervision Review form from the Department of Rehabilitation and Correction from the State of Ohio that is dated 4-17-99.
 The next one would be the Montgomery County Adult Probation Department House Bill 180 Screening Instrument that was prepared by Brenda Peters and dated 11-29-99.
 The next thing would be the presentence report that was prepared by the Montgomery County Adult Probation Department initially dated 9-2-77, and a supplementary offense report of the offense from the Miami Township Police Department, and a Dayton Area Center of Forensic Psychiatry report that was done initially by Dr. — Psychiatrist John W. Leese dated April 19th, 1977.
 And the State would submit to the Court that if the individuals who prepared these documents were called to testify, they would testify in accordance with their reports.
 THE COURT: I have one other document here — or you may have said it and I may have missed it — but an Institution Summary Report dated April 12. Did you say that one? It's just a one-page sheet.
MS. HOBSON: No, I don't have that.
THE COURT: So do you offer that as well?
MS. HOBSON: Yes, Your Honor.
 THE COURT: Is there any objection, Miss Wortham Spells, to any of the documents offered by the State?
MS. SPELLS: No, Your Honor.
THE COURT: They will be admitted.
Since there was no testimony, the court obviously based its decision on the contents of these documents, which were subsequently sealed. This court has read these documents, and we find that they clearly substantiate the court's determination by clear and convincing evidence. All of Shockey's prior offenses, both as a juvenile and as an adult, are listed in one of the documents, and it is a long list indeed, most of them of a violent nature. As we have stated, the court is entitled to look at these offenses as an important indicator of the offender's likely future behavior. Anderson, supra. State v. Goney (Oct. 23, 1998), Montgomery App. No. 16990, unreported. The House Bill 180 Screening Instrument also finds Shockey to be a psychopathic offender, and that the crime for which he was sentenced hereunder displayed cruelty in the use of his force against the victim. In addition, the document points out that Shockey's criminal history is "progressively more and more violent." House Bill 180 Screening Instrument.
In the psychological report prepared as recently as 1993, the following appears:
 If Mr. Shockey is released to parole supervision, maximum supervision is suggested. He remains an untreated sex offender who has not participated in any programming while at the institution. He would be required to complete two years of sex offender treatment as a condition of parole. The personality characteristics mentioned earlier, such as suspicion, anger, and inner tension, might make treatment difficult if Shockey did not choose to be cooperative. In the opinion of the examiner, without successful sex offender treatment, Shockey will continue to be a potential danger to society, particularly to adult women. The examiner also suggests that halfway house placement be considered as a preferable alternative to Shockey's plans, which are to reside with relatives. Certainly, he will need structure and supervision should he be granted parole. Participation in a substance abuse program is also seen as important. Any use of any drug or alcohol use should be a reason for violating his parole.
 If Shockey is retained in the institution, Polaris is the treatment of choice. Up to this time, Shockey has shown no inclination to take such treatment.
 We find that the contents of the reports admitted into evidence provide clear and convincing evidence in support of the trial court's decision, which therefore, must stand. The second assignment of error is overruled.
Mr. Shockey argues that he was denied effective assistance of counsel because she failed to object to the submission of the reports and failed to retain an extra witness on his own behalf.
To obtain a reversal on the basis of ineffective assistance of counsel, the defendant must prove that (1) in light of all the circumstances, counsel's performance fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. Strickland v. Washington (1984), 466 U.S. 668, 687;State v. Madrigal (2000), 87 Ohio St.3d 387, 388-389. To establish the requisite prejudice, the defendant must show that there is a reasonable probability, a probability sufficient to undermine confidence in the outcome, that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, supra, at 694. A court reviewing a claim of ineffective assistance of counsel "must indulge in the presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 692; State v. Sallie
(1998), 81 Ohio St.3d 673, 674. To overcome the presumption, the defendant must show that counsel made errors so serious that counsel failed to function as counsel guaranteed by the Sixth Amendment.Strickland, supra, at 692.
Shockey argues that the latest report has to be considered stale because it was done in 1993, and not recently. As appellee points out, however, the age of a report only goes to the weight as opposed to admissibility. State v. Zabrosky (Dec. 7, 1999), Seneca App. No. 13-99-11, unreported. Defense counsel had no basis to object to their admissibility of these reports merely because they were completed several years before the hearing. Shockey then argues that his defense counsel was ineffective by failing to request a new psychological evaluation. There is nothing in the record, however, to suggest that a more recent evaluation would differ in any substantial degree from the prior evaluations. As we have noted, in 1993, Shockey had not participated in any sex offender programs. There is no evidence that he participated in any such program after 1993. Had he done so, he would certainly have advised his counsel of that fact, which she could have used to some degree in his defense. Thus, we can find no evidence of any commission or omission on the part of Shockey's counsel that prejudiced his defense. The third assignment of error is overruled.
Having overruled all three assignments of error, the judgment is affirmed.
 ______________________ FREDERICK N. YOUNG, J.
WOLFF, P.J. and BROGAN, J., concur.