OPINION
{¶ 1} Appellant Antony Bennett Jeffries appeals his conviction for domestic violence in the Court of Common Pleas, Stark County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 23, 2005, Cheyenne Ingram and appellant, at that time her live-in fiancé, got into a verbal argument at their residence on 33rd Street NE in Canton. The argument turned into a physical altercation, following which Cheyenne went to a neighbor's house and called 911. Officer Steven Silver of the Canton Police Department responded to the scene. When he arrived, emergency medical personnel were present and were preparing Cheyenne for transport to Mercy Medical Center. Cheyenne appeared to Officer Silver to be "distraught." Tr. at 218. The officer observed marks on Cheyenne's face and on the inside of her mouth. Another officer made photographs of the injuries, which were later introduced as trial exhibits.
 {¶ 3} Officer Silver met with Cheyenne again after she arrived at Mercy for medical treatment and a domestic violence screening. During the interview, Cheyenne told him that appellant had pushed her up and down the stairs, punched her in the face and chest, and choked her. She further advised she was concerned about the health of the baby she was carrying.
 {¶ 4} On March 8, 2005, appellant was indicted by the Stark County Grand Jury on one count of domestic violence, R.C.2919.25(A), a felony of the fourth degree. The matter proceeded to a jury trial on April 22, 2005. Cheyenne took the stand, but testified that she did not recall the incident, other than remembering being taken home from the hospital after her treatment. She identified her signatures on the police report and domestic violence assessment, but stated she did not recall signing them. Officer Silver, however, testified as to statements Cheyenne had made to him. Furthermore, defense counsel stipulated to the introduction of medical records from Mercy Medical Center related to the incident at issue.
 {¶ 5} The jury returned a verdict of guilty on the domestic violence charge, with an additional finding that appellant had a previous conviction for domestic violence. On April 25, 2005, appellant was sentenced to a prison term of twelve months.
 {¶ 6} Appellant thereafter timely filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY FAILED TO OBJECT TO HEARSAY TESTIMONY.
 I. {¶ 8} In his sole Assignment of Error, appellant argues he was deprived of the effective assistance of counsel at trial. We disagree.
 {¶ 9} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 10} Appellant specifically urges that his trial counsel was ineffective for (1) failing to object to the testimony of Officer Silver on grounds that such testimony violated the Confrontation Clause or constituted impermissible hearsay, and (2) failing to object to or seek redaction of appellant's hospital records.
 {¶ 11} We will first address the issue of Officer Silver's testimony. Silver recounted in part as follows regarding his interview with the victim at Mercy Medical Center:
 {¶ 12} "Um — Miss Ingram stated that, she was pregnant, possibly about six weeks, and through my investigation, she told me that she was pregnant by an Anthony (sic) Bennett Jeffries, that he lives with her, sometimes, and sometimes with his mother in Akron. That he does have clothes at her residence, she told me, he did spend the evening before, which was the 22 of January, at her residence, of 2005. He was at her house on the 23 of January, 2005. Ah, she stated they had an altercation, that he did punch her at least once on the left side of her face, once on the front of her face where the lip is. He also punched her about the chest area, he did choke her, he pushed her down some stairs, pushed her up some stairs. She stated that Mr. Jeffries threatened that no one would ever see her again. Ah, that three of her children witnessed this, three of her four children, she sent one of her children next door to call 911. Um, no one had showed up. So she eventually was able to, ah, get away from Mr. Jeffries, ran next door and called 911, herself." Tr. at 224-225.
 {¶ 13} The Confrontation Clause of the Sixth Amendment to the U.S. Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *." In Crawford v.Washington (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, the United States Supreme Court held that testimonial statements of a witness who does not appear at trial may not be admitted or used against a criminal defendant unless the declarant is unavailable to testify, and the defendant has had a prior opportunity for cross-examination.
 {¶ 14} However, as we recently reiterated in State v.Siler, Ashland App. No. 02 COA 028, 2005-Ohio-6591, the Confrontation Clause "does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." Id. at ¶ 51, quoting State v. Marbury, Montgomery App. No. 19226, 2004-Ohio-1817, ¶ 38, citing Crawford at 59, f.n. 9. In the case sub judice, the prosecutor called the victim, Cheyenne Ingram, to the stand and asked her several questions pertaining to her hospital interview with Officer Silver, to which Cheyenne consistently replied that she could not remember. Tr. at 171-188. Defense counsel was subsequently permitted to cross-examine Cheyenne. Tr. at 199-210. Under such circumstances, we are unable to find appellant's trial counsel ineffective for declining to attempt to assert a Crawford issue regarding the officer's testimony of the victim's out-of-court statements.
 {¶ 15} We next address appellant's ineffective assistance claims regarding the hospital interview as alleged hearsay. Evid.R. 803(2), an exception to the hearsay rule, provides: "Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." In order to be admissible as an excited utterance under Evid.R. 803(2), "a statement must concern `some occurrence startling enough to produce a nervous excitement in the declarant,' which occurrence the declarant had an opportunity to observe, and must be made `before there had been time for such nervous excitement to lose a domination over his reflective faculties. * * *'" State v.Huertas (1990), 51 Ohio St.3d 22, 31, 553 N.E.2d 1058, quotingPotter v. Baker (1955), 162 Ohio St. 488, 124 N.E.2d 140, paragraph two of the syllabus. Furthermore, in State v. Taylor
(1993), 66 Ohio St.3d 295, 303, 612 N.E.2d 316, the Ohio Supreme Court noted that "[t]here is no per se amount of time after which a statement can no longer be considered to be an excited utterance. The central requirements are that the statement must be made while the declarant is still under the stress of the event and the statement may not be a result of reflective thought." (Emphasis omitted.)
 {¶ 16} In the case sub judice, Cheyenne, when making her statements to Officer Silver, had just been transported to the hospital after being in a physical altercation with her fiancé. Silver described her demeanor at that time as distraught, upset, crying, and in pain. Tr. at 223. Silver also recalled that Cheyenne was concerned that her unborn child may have been injured in the assault. Id. Upon review, we are unpersuaded that trial counsel's decision not to object, on hearsay grounds, to Silver's testimony of the interview would fall below an objective standard of reasonable representation. Hence, appellant's claim of ineffective assistance must fail at this juncture as well.
 {¶ 17} Finally, we analyze appellant's claim that trial counsel was ineffective for failing to object to or seek redaction of appellant's hospital records. Evid.R. 803(4) excepts from the hearsay rule "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." In the case sub judice, the emergency room report at issue reads as follows in pertinent part:
 {¶ 18} "Patient is a 26-year-old female who arrives via squad . . . after allegedly having been assaulted. Patient states that her significant other was arguing with her and he struck her in the face, and she states she received `body blows to the chest.' He tried to choke her. He knocked her down onto her lower back. She states she is somewhere between 8 and 12 weeks pregnant . . . She states she was choked and was thrown up and down some steps . . ." State's Exhibit 2
 {¶ 19} Appellant cites State v. Henderson (Aug. 20, 1999), Trumbull App. Nos. 98-T-0039, 98-T-0040, 98-T-0041, for the proposition that that a victim's statements to medical personnel identifying who caused the injuries are generally not properly admitted as statements made in the furtherance of medical treatment or diagnosis within the meaning of Evid.R. 803(4). However, based on our prior conclusions regarding Officer Silver's testimony as to the perpetrator's identity, the disputed portion of the hospital records would have been cumulative evidence, and we are unable to find a demonstration of prejudice suffered by appellant as a result of trial counsel's performance. We reiterate that a reviewing court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. Bradley at 143, 538 N.E.2d 373, quotingStrickland at 697.
 {¶ 20} We therefore hold appellant was not deprived of the effective assistance of trial counsel. Appellant's sole Assignment of Error is overruled.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J., Gwin, J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.