OPINION
{¶ 1} Appellant, Edward W. Maksem ("appellant"), filed this appeal seeking reversal of the decision by the Franklin County Municipal Court convicting him of theft and possession of criminal tools. For the reasons that follow, we affirm the decision of the trial court. *Page 2 
 {¶ 2} At approximately 11:15 p.m on October 21, 2005, Officer (now Detective) Richard Fourney of the Grove City Police Department was patrolling a construction site located in a remote area at the end of a cul de sac in Grove City. Officer Fourney observed a dark-colored SUV parked off the road near a construction trailer and next to some large gas tanks. Officer Fourney also observed appellant standing next to the rear hatch of the SUV, in the act of closing the hatch.
 {¶ 3} As Officer Fourney approached appellant, he saw that appellant was wearing a pair of work gloves that were visibly wet and muddy, and smelled strongly of diesel fuel. Appellant was also wearing work boots that were covered with mud. Footprints in the mud led back and forth from the SUV to the gas tanks. The battery-powered pump for the gas tanks had cables attached, and some of the footprints in the mud led to the hood of the SUV. There were muddy glove prints on the hood of the SUV, indicating that the hood had likely been recently opened and closed. In the cargo area of the SUV, Officer Fourney, now joined by Officer Doug Olmstead, saw five large fuel cans that smelled of diesel fuel. The officers saw that the area around the nozzles was wet, as if liquid had very recently been poured into the cans.
 {¶ 4} The officers also saw a set of bolt cutters in the SUV. The officers contacted the owner of the site to see if the owner wanted to press charges. One of the owner's employees came to the scene to sign the necessary paperwork to press charges against appellant. The employee told the officers that there should have been a padlock on the pump to prevent access. Upon being informed of that, Officer Olmstead looked at the bolt cutters from the SUV and saw dents in the cutting edges that he believed were *Page 3 
consistent with use of the bolt cutters to have cut the padlock to gain access to the pump. No padlock was ever found at the scene.
 {¶ 5} Officer Fourney testified that appellant acted extremely nervous when approached. When asked why he was in the area, appellant initially stated that he had run out of gas. Subsequently, he told the officers he had stopped in the area because he needed to urinate. At trial, appellant put on witnesses, including family members and himself, who claimed that the gas cans in the back of the SUV were filled with diesel fuel appellant was transporting from his brother's farm to another family-owned property.
 {¶ 6} Ultimately, appellant was charged with theft, possession of criminal tools, and criminal damaging. The case proceeded to a jury trial, and appellant was convicted on the charges of theft and possession of criminal tools, and acquitted on the charge of criminal damaging. Appellant filed this appeal, alleging as the sole assignment of error:
 The failure of Appellant's trial counsel to challenge testimony by a police witness regarding toolmarks constituted ineffective assistance, thereby depriving Appellant of his rights as guaranteed by the Sixth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 7} The standard of review for a claim of ineffective assistance of counsel is well-settled. In order to prevail on a claim of ineffective assistance of counsel, appellant must show that his counsel's performance fell below an objective standard of reasonableness, and that he suffered prejudice as a result, i.e., that the result of the trial would have been different but for trial counsel's errors. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674;State v. Bethel, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150. *Page 4 
 {¶ 8} Appellant argues that trial counsel's performance was deficient in that counsel failed to raise any objection to Officer Olmstead's testimony regarding the marks on the bolt cutters. Appellant argues that the testimony was clearly improper, because no foundation was laid to establish Officer Olmstead's ability to give an opinion that the marks were consistent with use of the bolt cutters to cut a padlock.
 {¶ 9} There is a strong presumption that trial counsel's decisions fell within the broad range of reasonable professional assistance.State v. Sallie, 81 Ohio St.3d 673, 1998-Ohio-343, 693 N.E.2d 267. Thus, judicial scrutiny must be highly deferential, with appellate courts refraining from second-guessing the strategic decisions of trial counsel. State v. Jones, Franklin App. No. 02AP-577, 2003-Ohio-952, citing State v. Carter, 72 Ohio St.3d 545, 1995-Ohio-104,651 N.E.2d 965.
 {¶ 10} Trial counsel did not object when Officer Olmstead testified about the marks on the cutting edges of the bolt cutters being consistent with having been used to cut a padlock. However, counsel did question Officer Olmstead about this testimony on cross-examination. Counsel was able to elicit testimony that the bolt cutters could have been used to cut any type of metal, and not necessarily just for cutting padlocks. Counsel also elicited testimony that there were a number of other miscellaneous tools found in the SUV.
 {¶ 11} Even were we to assume that trial counsel's decision to attempt to discredit the officer's conclusion regarding the marks on the bolt cutters through cross-examination, rather than objecting to the testimony at the time it was offered, was outside the broad range of acceptable trial strategy, we cannot conclude that appellant suffered any prejudice as a result. *Page 5 
 {¶ 12} Initially, the theft charge did not depend on Officer Olmstead's testimony about the marks on the bolt cutters. The state offered ample evidence in support of that charge, including that appellant was wearing muddy, diesel fuel soaked gloves when approached by the police, the gas cans in the back of appellant's SUV appeared to have been filled very recently, and footprints in the mud showing someone going back and forth between the tanks and the SUV. Appellant offered testimony attempting to explain his presence in the area, and alleging that the diesel fuel actually came from his brother's farm, but the jury apparently found this evidence not credible. Based on this evidence, we cannot say that, but for counsel's failure to object to the testimony regarding the marks on the bolt cutters, appellant would not have been convicted of theft.
 {¶ 13} As for the charge of possession of criminal tools, the evidence of the marks on the bolt cutters may have bolstered the state's case somewhat by allowing the jury to infer that the bolt cutters had actually been used for a criminal purpose. However, in order to establish the offense of possession of criminal tools, it is necessary only to show that the tools were possessed with the intent to use them for a criminal purpose, not that they were actually used for a criminal purpose. R.C. 2923.24. Based on the evidence presented, the jury could have convicted appellant for possession of criminal tools because they believed appellant had the bolt cutters with him to assist with his theft of the diesel fuel, even without evidence of the marks on the bolt cutters.
 {¶ 14} The lack of prejudice to appellant is perhaps best illustrated by the jury's decision to acquit appellant on the charge of criminal damaging, as it was that charge to which evidence regarding the marks on the bolt cutters was most closely related. Officer Olmstead's testimony would have allowed the jury to make the inference that the bolt *Page 6 
cutters had been used to cut the padlock that testimony established would have prevented access to the tanks, even though no padlock was actually found. The jury chose not to make this inference. Thus, the result of the trial was favorable to appellant on the charge that the evidence regarding the marks on the bolt cutters supported the most.
 {¶ 15} Consequently, we overrule appellant's assignment of error, and affirm the judgment of the trial court convicting appellant of theft and possession of criminal tools.
Judgment affirmed
 BRYANT and KLATT, JJ., concur. *Page 1