[Cite as *State v. Skidmore*, 2010-Ohio-5940.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 08 MA 165 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| MICHAEL SKIDMORE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Appellant's Application to Reopen
                              Appeal

JUDGMENT:                     Denied.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Paul J. Gains
                              Mahoning County Prosecutor
                              Atty. Ralph M. Rivera
                              Assistant Prosecuting Attorney
                              21 West Boardman Street, 6th Floor
                              Youngstown, Ohio  44503

For Defendant-Appellant:      Atty. Timothy Young
                              Ohio Public Defender
                              Atty. Claire R. Cahoon
                              Assistant State Public Defender
                              250 East Broad Street – Suite 1400
                              Columbus, Ohio  43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                              Dated:  December 2, 2010

PER CURIAM.

{¶1} Appellant, Michael Skidmore filed an appeal to this Court following a conviction on charges of rape and gross sexual imposition. We affirmed his conviction on June 18, 2010. He subsequently filed an App.R. 26(B) application to reopen his criminal appeal based on a claim of ineffective assistance of appellate counsel on September 1, 2010. The state filed its response brief on September 9, 2010. For the following reasons, Appellant's application is denied.

{¶2} In an application for reopening, the defendant must set forth any assignments of error not considered on the merits or considered on an incomplete record due to appellate counsel's deficient representation. App.R. 26(B)(2)(c). The application will be granted if there is a genuine issue as to whether the defendant was deprived of the effective assistance of counsel. App.R. 26(B)(5).

{¶3} Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. Reynolds* (1998), 80 Ohio St.3d 670, 674, 687 N.E.2d 1358. The defendant must produce evidence that counsel acted unreasonably by substantially violating essential duties owed to the client. *State v. Sallie* (1998), 81 Ohio St.3d 673, 674, 693 N.E.2d 267. On review, counsel enjoys a strong presumption that his or her performance fell within a wide range of reasonable legal assistance. *State v. Carter* (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965.

{¶4} Once a defendant has demonstrated that counsel's performance was deficient, the defendant then has the burden to establish prejudice in his or her defense as a result of counsel's deficiency. *Reynolds*, supra, at 674. The reviewing court must look at the totality of the evidence and decide if there exists a reasonable

probability that, were it not for serious errors made, the outcome of the trial would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

{¶5} Appellant was convicted in the Mahoning County Court of Common Pleas on one count of rape, in violation of R.C. 2907.02(A)(1)(b)(B) (victim under the age of thirteen/threat of force), a felony of the first degree, three counts of rape, in violation of R.C. 2907.02(A)(2)(B) (force or threat of force), felonies of the first degree, one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4)(B) (victim under the age of thirteen), a felony of the third degree, and three counts of gross sexual imposition, in violation of R.C. 2907.05(A)(1)(B), felonies of the fourth degree (force or threat of force).

{¶6} Appellant's victim was his step-daughter, H.R. Appellant was charged with one count of rape and one count of gross sexual imposition for each of the years between H.R.'s tenth and sixteenth birthdays. Appellant was acquitted of the rape and gross sexual imposition charges allegedly incurred when H.R. was ten and eleven years of age.

{¶7} Appellant argued in his direct appeal that the trial court erred in admitting the testimony of H.R.'s boyfriend and a child molestation expert because their testimony served no other purpose than to bolster H.R.'s credibility. Appellant also asserted that one of the gross sexual imposition charges failed to state an offense because an essential element of the crime was omitted from the indictment. Appellant argued that he was denied a fair trial based upon statements made by the

prosecutor in opening and closing arguments. Finally, he argued his convictions were against the manifest weight of the evidence because H.R.'s testimony was unworthy of credence and there was no physical evidence of the crimes. We affirmed Appellant's conviction.

**{¶8}** In his application for reopening, Appellant contends that his appellate counsel was ineffective because he did not argue that there was insufficient evidence to sustain the rape and gross sexual imposition convictions relating to the years H.R. was fourteen and fifteen. Appellant also claims there was insufficient evidence to establish that those crimes occurred in Mahoning County, because H.R. testified that some of the abuse occurred at his parents' house in Diamond, Ohio.

**{¶9}** Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. *State v. Smith* (1997), 80 Ohio St.3d 89, 113, 684 N.E.2d 668. In essence, sufficiency is a test of adequacy. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Smith*, supra, at 113.

**{¶10}** Appellant states:

**{¶11}** "Here, while H.R. testified that [Appellant] engaged in sexual conduct with her many times, she was only able to say that acts of sexual conduct definitely

occurred when she was twelve and thirteen. H.R. did not state that she engaged in sexual conduct with [Appellant] at ages fourteen and fifteen. Instead, the prosecutor asked her 'How long did all of this stuff keep happening for? How long did it go on?' H.R. responded that 'this stuff' happened until she was fifteen. That testimony does not clarify for the jury what acts of conduct are being alleged.

{¶12} "Later, the prosecutor asked H.R., 'This all started when you were 10?' 'And when you were 15 up until you started dating Elmer and a couple times that summer; right?' H.R. answered in the affirmative, but nothing in the record indicates what specific act of conduct the term 'this stuff' alleges." (Internal citations omitted.) (Appellant's Application at pp. 6-7.)

{¶13} Appellant cites *State v. Crosky*, 10th Dist. No. 06-AP-655, 2008-Ohio-145, for the proposition that the state must offer evidence of specific conduct during the time frame alleged in the indictment in order to sustain a conviction for rape or gross sexual imposition. Id., ¶65. In *State v. Lucas* (September 21, 2001), 2d Dist. No. 18644, the Second District held, "[a] conviction for rape requires positive evidence, either direct or circumstantial, that sexual conduct of the type alleged in the indictment occurred on or about the time and place specified." Id. *2.

{¶14} Contrary to Appellant's argument, the record reflects that H.R. testified Appellant would coerce her into performing sex acts by telling her that she "owe[d]" him, and that this occurred more than once a week. (Tr., p. 251.) She testified that most often she would perform oral sex, which began when she was 12 years of age. (Tr., pp. 248, 252.) The prosecutor asked if this conduct "kept going" while she was

fourteen and fifteen, and H.R. responded in the affirmative, testifying that it continued until she started dating a boy when she was fifteen. (Tr., p. 253.)

**{¶15}** As to the location of the crimes, H.R. testified that the abuse took place in her bedroom, the bathroom, and Appellant's bathroom. (Tr., p. 250.) The prosecutor inquired, "[o]ther than your house, did [Appellant] ever do this sort of stuff to you anywhere else?" H.R. replied, "[y]es, in the car, at his parents' house." (Tr., p. 250.) However, later in her testimony, she stated that most of the acts occurred in Mahoning County. (Tr., p. 271.)

**{¶16}** A fact finder could rationally conclude that Appellant was guilty of rape and gross sexual imposition during H.R.'s fourteen and fifteenth years and that those crimes occurred in Mahoning County based on the evidence offered at trial. Appellant has not established his ineffective assistance of counsel claim, and the application for reopening his criminal appeal is denied.

Waite, J., concurs.

Donofrio, J., concurs.

DeGenaro, J., concurs.