[Cite as *State v. Rankin*, 2013-Ohio-1738.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO. 5-12-23

      v.

TEAL A. RANKIN,                         O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2008 CR 37

**Judgment Affirmed**

Date of Decision:   April 29, 2013

APPEARANCES:

    *Nathan T. Oswald* **for Appellant**

    *Mark C. Miller and Elizabeth H. Smith* **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-appellant, Teal A. Rankin, appeals the Hancock County Court of Common Pleas' sentence of 11 months imprisonment following her violation of her community control sanctions. Rankin argues the trial court failed to provide her with notice that she would go to prison if she violated community control and that her trial counsel was ineffective. For the following reasons, we affirm.

{¶2} On February 5, 2008, the Hancock County Grand Jury indicted Rankin on one count of trafficking in marijuana within a thousand feet of a school in violation of R.C. 2925.03(A), a fourth degree felony. (Doc. No. 1).

{¶3} On March 5, 2008, the trial court arraigned Rankin. (Doc. No. 6). Rankin pled not guilty to the charge. (*Id.*).

{¶4} On March 20, 2008, Rankin changed her plea and entered a plea of guilty to one count of trafficking in marijuana in violation of R.C. 2925.03(A), a fifth degree felony, a lesser included offense of the indicted charge. (Doc. No. 14).

{¶5} On May 21, 2008, the trial court held a sentencing hearing. (Doc. No. 27). The trial court sentenced Rankin to five years of community control. (*Id.*). The trial court informed Rankin that any violations of her community control would result in 11 months imprisonment. (*Id.*).

{¶6} On December 5, 2011, the trial court held a hearing on allegations that Rankin had violated her community control. (Doc. No. 60). The trial court ordered that Rankin continue her community control and imposed the additional condition that Rankin successfully complete the W.O.R.T.H. program. (*Id.*).

{¶7} On March 19, 2012, the trial court held a hearing on allegations that Rankin had violated her community control. (Doc. No. 75). The trial court ordered that Rankin continue her community control and again ordered her to successfully complete the W.O.R.T.H. program. (*Id.*).

{¶8} On June 25, 2012, the trial court again held a hearing on allegations that Rankin had violated her community control. (Doc. No. 91). The trial court found that Rankin was no longer amenable to community control, revoked her community control, and ordered her to serve the previously reserved sentence of 11 months imprisonment. (*Id.*).

{¶9} On July 18, 2012, Rankin filed a notice of appeal. (Doc. No. 93). Rankin now raises two assignments of error for our review.

### Assignment of Error No. I

**The trial court sentenced Ms. Rankin to eleven months in prison for violating her community control even though it failed to give her notice that she might go to prison for violating community control.**

{¶10} In her first assignment of error, Rankin argues the trial court failed to give her adequate notice that it would impose her reserved prison sentence if she

violated her community control. Rankin contends that during the December 5, 2011 and March 19, 2012 hearings regarding her community control violations, the trial court failed to inform her that she would be sentenced to 11 months imprisonment if she did not comply with the terms of her community control. Rankin argues the trial court was required to renew the notice of her reserved sentence at each of the subsequent hearings, and that the trial court's failure to do so means it could not impose the reserved sentence for her most recent violation.

{¶11} On March 26, 2013, the State and defendant-appellant's counsel filed a joint notice to this Court indicating that Rankin's term of imprisonment expired on January 18, 2013, and Rankin was not required to serve any post-release control. Consequently, Rankin's first assignment of error has now been rendered moot, and we decline to address it further. *See State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 5; App.R. 12(A)(1)(c).

### Assignment of Error No. II

**Ms. Rankin was denied effective assistance of counsel when her counsel abrogated his duty to maintain the hearing's adversarial integrity.**

{¶12} In her second assignment of error, Rankin argues she was denied effective assistance of trial counsel because trial counsel requested that the trial court impose a shorter jail term than the reserved sentence of 11 months imprisonment. Rankin contends that trial counsel failed to act as an adversary to

the State because he acknowledged that her third violation would result in her serving time in either jail or prison.

**{¶13}** A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

**{¶14}** In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland*, 466 U.S. at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St. 3d 136, 141-142 (1989), citing *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976)

**{¶15}** Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Bradley*, 42 Ohio St.3d at 142, citing *Strickland*, 466 U.S. at 691. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Bradley*, 42 Ohio St.3d at 142; *Strickland*, 466 U.S. at 694.

{¶16} At the June 25, 2012 hearing regarding Rankin's third community control violation, Rankin admitted she had violated the terms of her community control. (Jun. 25, 2012 Tr. at 7-8). The State recommended that the trial court impose the previously reserved sentence of 11 months imprisonment, citing her two previous violations as evidence that she was not amenable to community control. (*Id*. at 9). In response, Rankin's counsel stated:

Your Honor, I would put forth the unique proposition to the Court. It's clear from the report from the W.O.R.T.H. Center that they would be unwilling to take Ms. Rankin back. It does not leave the Court a lot of options. As [the State] has indicated, this is her third revocation. I know that's a very, very bad thing, Your Honor. Your Honor, I would propose that maybe if the Court would consider terminating community control sanctions and impose a local jail term, I believe that she possibly could serve 123 days at our jail. I came up with that conclusion from the statute allows [sic] 180 days of local incarceration. There is credit for 127. I subtracted 70 days that she spent at the W.O.R.T.H. Program, because that's not the

actual jail sentence. I believe I came up with the number of 123 days that the Court could impose upon her. I would ask the Court instead of sending her to the Ohio Department of Rehabilitation and Corrections, that maybe the Court would consider just terminating her from community control and place her in the jail for the remainder of those days that the Court has available to it.

(*Id*. at 10-11). The trial court rejected defense counsel's request and imposed the reserved sentence of 11 months imprisonment. (*Id*. at 12).

{¶17} Upon review, we cannot find any evidence that Rankin's counsel was ineffective. The trial court had previously warned Rankin at the March 19, 2012 hearing that if she violated the terms of her community control a third time, the trial court would impose a prison sentence. (Mar. 19, 2012 Tr. at 15-16). After the third violation, the State also requested that the trial court impose the full reserved prison sentence. (Jun. 25, 2012 Tr. at 9). Rankin's counsel then made a reasonable tactical decision to request that the trial court impose a shorter jail term in an effort to prevent Rankin from serving time in prison. Rankin's counsel had few other alternatives to suggest in light of Rankin's repeated failure to comply with the W.O.R.T.H. Center guidelines. Furthermore, we cannot find that Rankin suffered any prejudice from her trial counsel's alleged failure. The trial court rejected her attorney's request for a shorter jail term and imposed the full reserved

sentence of 11 months imprisonment. Consequently, there is no evidence that the trial court would have considered lesser community control sanctions. Counsel is not required to make every potential argument to the trial court, and we decline Rankin's invitation to require counsel to make arguments counsel knows will be unsuccessful.

{¶18} Rankin's second assignment of error is, therefore, overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jlr**