[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 673.]

THE STATE OF OHIO, APPELLEE, *v*. SALLIE, APPELLANT.

[Cite as *State v. Sallie*, 1998-Ohio-343.]

*Appellate procedure—Appeal of conviction of voluntary manslaughter on ground of ineffective assistance of counsel who did not present expert witness testimony concerning battered woman syndrome—Counsel not ineffective in failing to present expert witness testimony on battered woman syndrome, when—Strickland v. Washington standard, applied.*

(No. 97-19—Submitted February 3, 1998—Decided May 13, 1998.)

APPEAL from the Court of Appeals for Lucas County, No. L-95-263.

———————————

{¶ 1} Craig L. Brown died on December 26, 1994, the victim of a single gunshot wound to the head. From her initial contact with the police, appellant, Shaconda M. Sallie, consistently maintained she did not intend to shoot Brown. At trial, Sallie testified she and her boyfriend, Brown, quarreled throughout Christmas day. Upon returning home from a family Christmas dinner, Sallie and Brown argued again. According to Sallie, the verbal altercation turned physical.

{¶ 2} Sallie testified Brown grabbed her by the neck, forced her onto the couch, and began to choke her. Sallie further testified Brown "was telling [her] he didn't care if [she] could breathe and he was going to kill [her][.]" Sallie claims the two struggled until she was able to break free and run down a hallway into a storage closet. Sallie retrieved a .38 caliber revolver from the closet and, cocking the hammer, pointed it at Brown. According to Sallie, she is uncertain what happened next: Brown may have lunged at her in an attempt to gain control of the gun, causing the weapon to discharge, or Sallie may have inadvertently placed too much pressure on the trigger. What is certain, however, is that Sallie shot and killed Brown.

**{¶ 3}** Despite Sallie's testimony that Brown physically abused her on several occasions during their five-year relationship, Sallie consistently claimed she did not intend to shoot Brown. The testimony of several investigating police officers supported Sallie's claim of accidental shooting, as each heard Sallie repeatedly state she did not intend to shoot Brown. In fact, Sallie said she did not know if the gun was loaded. Sallie testified she turned the gun on Brown hoping "to get out of the house. I was trying to scare him."

**{¶ 4}** A jury convicted Sallie of voluntary manslaughter with a firearm specification, and the trial court sentenced her to an eight to twenty-eight year period of incarceration. After Sallie's motion for a new trial was denied, she appealed her conviction to the Lucas County Court of Appeals. The court of appeals affirmed Sallie's conviction, holding she was neither denied the effective assistance of counsel, nor prejudiced by the other trial court rulings about which she complained.

**{¶ 5}** Sallie then appealed to this court, claiming that her trial counsel rendered ineffective assistance in failing to present expert witness testimony concerning battered woman syndrome.

**{¶ 6}** The cause is now before this court upon the allowance of a discretionary appeal.

———————————

*Julia R. Bates,* Lucas County Prosecuting Attorney, and *Craig T. Pearson,* Assistant Prosecuting Attorney, for appellee.

*Jeffrey M. Gamso*, for appellant.

———————————

**COOK, J.**

**{¶ 7}** This court has stated on numerous occasions that trial counsel's performance will be examined according to the standard set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Applying the

*Strickland* standard to the case at bar, we hold Sallie's counsel was not ineffective in failing to present expert witness testimony on battered woman syndrome.

{¶ 8} "In order to prevail on a claim of ineffective assistance of counsel, [Sallie] must show that counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds* (1998), 80 Ohio St.3d 670, 674, 687 N.E.2d 1358, 1365, citing *Strickland*. To demonstrate she has met the first prong of the *Strickland* test, Sallie must show counsel's conduct was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith* (1997), 79 Ohio St.3d 514, 534, 684 N.E.2d 47, 65. In order to meet *Strickland's* second prong, Sallie must prove that but for counsel's errors, there exists a reasonable probability the result of the trial would be different. *Id.*

{¶ 9} As we explained in *State v. Carter* (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965, 977:

"Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Citation omitted.)

{¶ 10} As a result, trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Thompson* (1987), 33 Ohio St.3d 1, 10, 514 N.E.2d 407, 417. In the instant case, we believe counsel's failure to present expert testimony on battered woman syndrome was a reasonably sound trial strategy. Moreover, review of the record does not indicate a reasonable probability that presentation of such expert testimony would have changed the outcome of Sallie's trial.

{¶ 11} In *State v. Koss* (1990), 49 Ohio St.3d 213, 551 N.E.2d 970, this court recognized for the first time the admissibility of testimony on battered woman syndrome. Discussing the admissibility of evidence of the syndrome, we stated:

"[A]dmission of expert testimony regarding the battered woman syndrome does not establish a new defense or justification. Rather, it is to assist the trier of fact in determining whether the defendant acted out of an honest belief that she was in imminent danger of death or great bodily harm and that the use of such force was her only means of escape. * * * 'A *history* of physical abuse alone does not justify the killing of the abuser. Having been physically assaulted by the abuser in the past is pertinent to such cases only as it contributes to the defendant's state of mind at the time the killing occurred; e.g., in that it formed the basis for the woman's perception of being in imminent danger of severe bodily harm or death at the hands of her partner.' (Emphasis *sic.*)" (Citations omitted.) *Id.* at 217, 551 N.E.2d at 974.

{¶ 12} Expert testimony explaining battered woman syndrome, and opining that the defendant suffered from the syndrome, may be admitted to establish the requisite mental state in proving self-defense. R.C. 2901.06. Ohio has adopted a subjective test to determine whether a defendant properly acted in self-defense. If the defendant honestly believes that death or great bodily harm is imminent and that the only means of escape from such danger is in the use of deadly force, then the defendant has acted in self-defense. *Koss*, 49 Ohio St.3d at 215, 551 N.E.2d at 973.

{¶ 13} Expert testimony is admissible where it will assist the trier of fact in understanding matters "beyond the knowledge or experience possessed by lay persons or [it] dispels a misconception common among lay persons[.]" Evid.R. 702(A). Thus where the accused claims self-defense, expert evidence concerning battered woman syndrome is most often necessary and provides the greatest assistance to a jury, in those situations where the facts of the case indicate that the

average, reasonable person not suffering from the syndrome, would not have believed the danger of death or great bodily harm was imminent. *Koss,* 49 Ohio St.3d at 221, 551 N.E.2d at 977 (Holmes, J., concurring). Evidence of the syndrome is most commonly admitted in those cases where the defendant mistakenly believed that the circumstances warranted the use of deadly force in self-defense, but such mistaken belief proved reasonable in light of her suffering from the syndrome. *Id.*

{¶ 14} In Sallie's case, trial counsel could have reasonably concluded expert testimony about battered woman syndrome was unnecessary and irrelevant. Sallie consistently maintained the shooting was accidental—that she did not intentionally pull the trigger. Testimony by the state's witnesses supported this position. Because Sallie did not claim she shot Brown in self-defense, evidence that she may have suffered from battered woman syndrome was immaterial. We agree with the court of appeals that trial counsel might reasonably have determined evidence explaining and rationalizing why Sallie might intentionally shoot Brown would appear inconsistent with the theory of accident, thereby diminishing Sallie's credibility.

{¶ 15} Sallie, however, while maintaining she never intended to use the gun, contends self-defense was an alternative theory of defense that also explained why she initially armed herself. Therefore, Sallie asserts, expert testimony on battered woman syndrome was essential to explain to the jury why she retrieved the gun in the first instance. Considering Sallie's account of the shooting, including her testimony that Brown physically attacked her and, as he was choking her, threatened to kill her, expert testimony on battered woman syndrome was unnecessary to show an honest belief in the imminent danger of death or great bodily harm.

{¶ 16} The real issue in Sallie's case was not whether she suffered from battered woman syndrome, but whether Sallie's version of the facts was credible. If the jury believed events occurred as Sallie claims, it could have properly

determined she reasonably believed she was in imminent danger of death or great bodily harm and thus acted in self-defense.

{¶ 17} On the facts as Sallie related them, the jury could make the determination Sallie acted in self-defense regardless of whether Brown had previously abused her, or whether the night Brown was killed was the first time he attacked Sallie. Sallie's trial counsel might reasonably have concluded testimony on battered woman syndrome was simply not relevant under the facts of this case.

{¶ 18} Moreover, expert testimony is inadmissible if it concerns matters "within the ken of the jury[.]" *State v. Koss,* 49 Ohio St.3d at 216, 551 N.E.2d at 973, citing *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881, paragraph three of the syllabus. Assuming Sallie's version of events is true, expert testimony would be unnecessary to aid the jury in determining whether a woman being choked and threatened with death believed she was in imminent danger necessitating the use of force in self-defense. Trial counsel is under no duty to attempt to present inadmissible evidence.

{¶ 19} Therefore, we hold in this instance that the lack of expert testimony on battered woman syndrome can be considered a sound, reasonable trial strategy. Affording trial counsel the presumption of reasonable professional assistance to which all licensed attorneys are entitled, we find no merit to Sallie's argument that counsel's representation fell below an objectively reasonable standard or that, but for the lack of expert testimony on battered woman syndrome, the result of her trial would have been different. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, CHRISTLEY, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

JUDITH A. CHRISTLEY, J., of the Eleventh Appellate District, sitting for RESNICK, J.

January Term, 1998

_____