OPINION
Defendant-appellant, Michael Price, appeals his conviction in the Jefferson County Court of Common Pleas on one count of aggravated robbery, one count of improper handling of a firearm in a motor vehicle, and one count of carrying a concealed weapon.
On April 21, 1997, appellant and two others were arrested and charged with the aggravated robbery of Nathaniel Longmire. A Jefferson County Grand Jury subsequently returned an indictment against appellant charging him with aggravated robbery, in violation of R.C. 2911.01(A)(1) and 2923.03, improper transportation of a loaded firearm, in violation of R.C. 2923.16, and carrying a concealed weapon, in violation of R.C. 2923.12. The aggravated robbery count also carried a firearm specification.
A one-day jury trial was held on August 14, 1997, at the conclusion of which appellant was found guilty on all counts. The next day, following a hearing, appellant was sentenced. To the charge of aggravated robbery, appellant received a term of imprisonment of three years with an additional three-year term for the firearm specification. For the charge of improper transportation of a firearm, appellant received a sentence of six months, and for carrying a concealed weapon appellant received a sentence of twelve months. The latter two sentences were ordered to run concurrent with each other, but consecutive to the sentence imposed for the aggravated robbery. Appellant's total term of imprisonment was for seven years.
On September 8, 1997, appellant filed a timely notice of appeal from the trial court's decision. Appellant's sole assignment of error states:
 "APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL."
Specifically, appellant argues that his counsel denied him the effective assistance of counsel by calling James Smallwood to testify as a witness on behalf of appellant during his case-in-chief. Smallwood is a cousin of Longmire and was present during the robbery. On direct examination, Smallwood testified that although appellant had been at the scene of the robbery, appellant had not participated. Smallwood also testified that he had not seen appellant in possession of a firearm.
On cross-examination, counsel for appellee, State of Ohio, had Smallwood read into the record a statement he had previously made to the Steubenville Police Department. The testimony was as follows:
 "A. `At the stop sign Kiki, Mike Price walked over to us asked did we have any money. I said nothing and Kiki put my cousin Nate against a pole and started checking him. Then Nate wouldn't be still, Kiki told Mike Price to put a gun to his back, and Mike Price had put his back against my cousin's back so he wouldn't move. And then Kiki started to say don't have any money but he did. I seen him pull out $5.00 and then jump back into the car.' I mean reading this statement I don't — what is it you trying to ask me?"
"Q. Did you give that statement to the police?
"A. Right." (Tr. 114-115)
According to appellant, this testimony was disastrous to his defense. Appellant argues that his counsel failed to properly interview Smallwood and that had he done so, then counsel would not have called Smallwood to testify. In addition, appellant claims his counsel failed to question any witnesses concerning an unknown individual whom appellant maintains was the perpetrator of the robbery.
In response, appellee claims the calling of Smallwood to testify was not ineffective counsel but rather was a tactical attempt to corroborate appellant's claim that he was present at, but not involved in, the robbery. According to appellee, the fact that a corroborating witness was impeached by means of a prior inconsistent statement does not amount to the ineffective assistance of counsel.
In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance. State v. Sallie (1998), 81 Ohio St.3d 673,674. A defendant must show that counsel acted unreasonably and that but for counsel's errors, there exists a reasonable probability that the result of the trial would have been different. See id.
This standard reiterates the two prong test announced inStrickland v. Washington (1984), 466 U.S. 668, at 687, wherein the United States Supreme Court stated:.
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
"Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." Statev. Carter (1995), 72 Ohio St.3d 545, 558. Rather, trial counsel is entitled to a strong presumption that all decisions fell within the wide range of reasonable professional assistance.Sallie, supra, at 675.
Our review of the record does not indicate that appellant was denied the effective assistance of counsel. The fact that a corroborating witness is impeached on cross-examination does not establish that in calling the witness to testify, counsel's performance fell below an objective standard of reasonableness. See Sallie, supra. Appellant offers no support for his claim that counsel failed to properly interview Smallwood or that appellant was prejudiced by counsel's failure to inquire about some unknown individual that appellant claims committed the robbery. In the absence of any such evidence, we indulge in the strong presumption that counsel's decisions fell within the wide range of reasonable professional assistance. See id.
Appellant's sole assignment of error is without merit.
The decision of the trial court is hereby affirmed.
Cox, J., concurs.
Waite, J., concurs.
APPROVED:
 __________________________________ Gene Donofrio, Judge