JOURNAL ENTRY and OPINION
{¶ 1} Cathy Velmin appeals her convictions for two counts of assault on a peace officer, claiming that her counsel was ineffective. We find no merit to the appeal and affirm.
 {¶ 2} Velmin was indicted on two counts of felonious assault, each with a peace officer specification. Her case proceeded to a jury trial at which the following evidence was presented:
 {¶ 3} On April 22, 2001, North Olmsted Police Officer Robert Breisath was on duty in the area of Great Northern Mall. Around 4:30 a.m., he observed a car traveling north at a high rate of speed. He followed the vehicle and pulled beside it at a traffic light where he observed that the driver was a white female in her mid-twenties. He "ran" the license plate and discovered that the owner of the car had a suspended driver's license. The owner was listed as Cathy Velmin, a twenty-five-year-old white female, which matched his observation of the driver. The officer turned on the video camera in the police car, activated his overhead lights, and pulled the vehicle over. The driver gave him her driver's license which identified her as Cathy Velmin. He noticed that her speech was slurred, her head was bobbing up and down, her eyes were glassy, red, and bloodshot, and there was a strong odor of alcohol coming from the car. At that point, he called for back-up to assist in Velmin's arrest.
 {¶ 4} Officer Jennifer Smith arrived on the scene to assist Officer Breisath. As both officers approached the vehicle, Velmin threw her keys out the car window and shouted obscenities. Officer Smith also smelled a strong odor of alcohol coming from the vehicle.
 {¶ 5} Officer Breisath ordered Velmin out of the vehicle and Velmin complied. While walking to the police car, Velmin told Smith, "Fuck you bitch" and then kicked backward, striking Officer Smith in the right leg. Leg restraints were then placed on Velmin, and she was arrested for assaulting an officer as well as driving under the influence.
 {¶ 6} Officer Smith inventoried the contents of Velmin's car prior to having it towed. Behind the driver's seat, she found a nearly empty twelve-ounce bottle of Smirnoff Ice.
 {¶ 7} During the entire ride to the police station, Velmin was verbally belligerent with Officer Breisath. Once at the station, she was placed on a bench in the bullpen. As Officer Breisath knelt down to attach her leg restraints to the bench, she kicked the door, and the door hit the officer in his vest and badge area, just missing his face, causing him to stumble.
 {¶ 8} The jury found Velmin guilty of both counts. The trial court sentenced her to two years community control sanctions with the conditions that she attend an out-patient alcohol program and a work incentive program, not use alcohol or illegal drugs, and consent to random alcohol and drug testing.
 {¶ 9} Velmin appeals and argues in her sole assignment of error that counsel was ineffective for pursuing the now obsolete defense of intoxication.
 {¶ 10} This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington
(1984), 466 U.S. 668. Under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show the lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus. To show prejudice, a defendant must prove that, but for the lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential.State v. Sallie (1998), 81 Ohio St.3d 673, 674.
 {¶ 11} A review of the record indicates that one of the defenses pursued by defense counsel was that Velmin was so intoxicated she did not possess the requisite intent to injure the officers. Although pursuant to newly enacted R.C. 2901.21(C), intoxication is no longer a viable defense to the mens rea of an offense, we do not find that Velmin has set forth a claim for ineffective assistance of counsel. Given the overwhelming evidence of Velmin's assault on the officers by way of the officers' testimony and the videotape of Velmin's actions, we cannot say the outcome would have been different if counsel had not pursued this defense. Under the circumstances, no defense to the charges existed. Therefore, Velmin was not prejudiced by counsel's error, and her claim of ineffective assistance of counsel is without merit.
 {¶ 12} The sole assignment of error is overruled.
 {¶ 13} Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and DIANE KARPINSKI, J. CONCUR.