OPINION
{¶ 1} Defendant-appellant Matthew Bartimus appeals the judgment entered against him in the Western Division of the Belmont County Court. We are asked to determine whether Bartimus received ineffective assistance of counsel, thus violating his constitutional right to counsel. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On October 19, 2001, Bartimus was cited for violations of R.C. 4507.02(D), driving under suspension; R.C. 4503.21, improper display of license; and R.C. 4549.08, fictitious registration. Trial was scheduled for January 29, 2002. Before the trial began, Bartimus pled no contest to the driving under suspension charge. In exchange, the state dismissed the other two charges.
 {¶ 3} After being informed of his rights and of the consequences of his plea, Bartimus was found guilty. Prior to sentencing, the state, the arresting officer, defense counsel, and Bartimus were asked if they wished to speak. All declined. The court sentenced Bartimus to 180 days with 105 days suspended under the conditions of two years supervised probation, no further violations of traffic laws for two years, and the payment of a $250 fine and costs. Additionally, Bartimus' driver's license was suspended for one year.
 {¶ 4} From this judgment, Bartimus timely appeals.
 ASSIGNMENT OF ERROR {¶ 5} "Defendant was denied his constitutional right to representation when he received ineffective assistance of counsel."
 {¶ 6} To reverse a conviction based upon ineffective assistance of counsel, Bartimus must prove the two prong test set forth in Stricklandv. Washington (1984), 466 U.S 668, 686. State v. Reynolds (1998),80 Ohio St.3d 670, 674. The first prong requires the defendant to show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. Strickland, 466 U.S. at 687;State v. Sallie (1998), 81 Ohio St.3d 673, 674; State v. Hlinovsky, 7th Dist. No. 99 BA 65, 2001-Ohio-3247. The second prong requires the defendant to show that counsel's error was so serious as to deprive the defendant of a fair trial or a reasonable probability that the result of the trial would be different. Strickland, 466 U.S. at 687; Sallie,81 OhioSt.3d at 674.
 {¶ 7} The judicial scrutiny of counsel's conduct must be highly deferential. State v. Carter (1995), 72 Ohio St.3d 545, 558. The court of appeals presumes that counsel's conduct falls within the wide range of reasonable professional assistance. State v. Thompson (1987),33 Ohio St.3d 1, 10. A reviewing court will not second guess the strategic decisions made by trial counsel. Carter, 72 Ohio St.3d at 558.
 {¶ 8} To demonstrate deficient performance, Bartimus argues that his counsel's decision not to make a statement before sentencing deemed him "a complete non-entity." Bartimus specifically finds fault in counsel for failing to present any mitigating evidence to the court prior to sentencing. Bartimus terms this decision as "complete inactivity." He argues that, in light of this failure to speak, "[a]s a practical matter, he [Bartimus] had no counsel at all during the sentencing phase."
 {¶ 9} Despite Bartimus' contention, he fails to present to this court what particular evidence his counsel should have presented on his behalf. State v. Parker, 2d Dist. No. 18855, 2002-Ohio-1891 (discussing the presentation of mitigation evidence at a sexual predator hearing). As such, this court cannot speculate whether any mitigating evidence exists which would have impacted Bartimus' sentence. Id.; State v. Sands (Mar. 7, 1994), 3d Dist. No. 12-93-7.
 {¶ 10} Furthermore, the Ohio Supreme Court recognizes that failure to present evidence in the penalty phase as a tactical decision. SeeState v. Keith (1997), 79 Ohio St.3d 514 (discussing presentation of mitigating evidence at the penalty phase of a capital trial); State v.Johnson (1986), 24 Ohio St.3d 87, 91 (discussing presentation of mitigating evidence at the penalty phase of a capital trial). It is readily apparent from the record alone that Bartimus has received numerous similar violations in the past. The trial court stated during the hearing that there are an additional 12 suspensions open on his record. (Tr. 3). Past conduct has been held to be a reliable indicator of future conduct. State v. Ward (1999), 130 Ohio App.3d 551, 558. As such, the totality of the circumstances suggests that it was not unreasonable for counsel to have opted against making a statement. The first prong ofStrickland is not met.
 {¶ 11} Even if it could be stated that trial counsel acted objectively unreasonable and therefore the first prong of Strickland is established, the record does not reflect that Bartimus could satisfy the second prong of Strickland. As stated above, while advising Bartimus of the effect his change in plea will have, the court reminds him that there are 12 additional suspensions open on his record. Later, the court again references those additional suspensions, asking:
 {¶ 12} "Do you understand that on our plea of no contest, I am going to decide this case based on the facts that I just read into the record indicating the date time and place of your conduct and the fact that the suspension that I — suspensions that I noted exist on your record. Do you understand that?" (Tr. 5).
 {¶ 13} The totality of the circumstances fail to demonstrate a reasonable probability that, were it not for the serious errors made, the outcome of the case would have been different. The mere number of the open suspensions indicate that offering any mitigation evidence in all likelihood would not have benefited Bartimus. Ward,130 Ohio App.3d at 558. Bartimus has failed in his burden to prove to this court that he was prejudiced as a result of counsel's conduct; the second prong of theStrickland test also fails. See Sands, 3d Dist. No. 12-93-7.
 {¶ 14} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Donofrio and Waite, JJ., concur.