OPINION *Page 2 
{¶ 1} Defendant-appellant Ryan Addington appeals his conviction, resulting sentence and sexual predator classification entered by the Richland County Court of Common Pleas on one count of rape. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On April 5, 2007, the Richland County Grand Jury indicted Appellant on one count of rape, which incident occurred when Appellant was sixteen years of age.
 {¶ 3} On January 6, 2007, Appellant engaged in sexual conduct with his eleven year-old cousin. The victim informed his mother Appellant "flashed" him, and later in the evening performed fellatio on him. Appellant also forced the victim to perform fellatio on the Appellant. The victim alleged, earlier on an unknown date, Appellant inserted his penis into the victim's anus, but the victim did not tell anyone because he was scared.
 {¶ 4} On January 22, 2006, Detective Jeff McBride of the Richland County Sheriff's Office made contact with Appellant. Appellant read and waived his Miranda rights, and agreed to give a taped statement. Appellant then admitted he and the victim performed fellatio on each other. Appellant claimed the victim initiated the sexual conduct, and consented to the same. Appellant further admitted to anally penetrating the victim on occasion.
 {¶ 5} Following the filing of the complaint against Appellant in the Richland County Juvenile Court, the case was bound over to the Richland County Court of Common Pleas from the Juvenile Court on November 14, 2007. Prior to the bind over, Appellant's counsel filed a motion for a competency evaluation. The trial court granted the motion, and Appellant was evaluated by Dr. James J. Karpawich, Ph.D. of the *Page 3 
District V Forensic Diagnostic Center. The trial court conducted a competency hearing on September 6, 2007.
 {¶ 6} On August 31, 2007, Appellant's counsel filed a motion to suppress Appellant's taped confession.
 {¶ 7} On September 20, 2007, counsel filed a motion for further evaluation to determine Appellant's competency to understand and waive his Miranda rights. The trial court granted the motion, and Appellant was evaluated a second time by Dr. Karpawich.
 {¶ 8} Dr. Karpawich opined Appellant was capable of understanding his Miranda rights and he knowingly, intelligently and voluntarily waived those rights in giving his statement to the police.
 {¶ 9} The trial court conducted a hearing relative to Appellant's motion to suppress on October 29, 2007. At the suppression hearing, Appellant's counsel stipulated to Dr. Karpawich's report, and did not call Dr. Karpawich or any additional witnesses in support of the motion to suppress. The trial court subsequently overruled the motion to suppress.
 {¶ 10} Pursuant to a plea agreement, Appellant entered a plea of guilty to the charge, and the trial court imposed a ten year prison sentence. The trial court further classified Appellant as a sexual predator.
 {¶ 11} Appellant now appeals, assigning as error:
 {¶ 12} "I. THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION." *Page 4 
 {¶ 13} Appellant maintains he was denied the effective of assistance of counsel due to trial counsel's failure to challenge his competency in the proceedings before the trial court.
 {¶ 14} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and whether counsel violated any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. at 141-142. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie,81 Ohio St.3d 673, 675, 1998-Ohio-343, 693 N.E.2d 267. Further, counsel is not required to make a motion which does not have a reasonable probability of success on the merits. State v. Uselton, 2004-Ohio-2385.
 {¶ 15} As set forth in the statement of the facts and case, supra, Appellant's trial counsel did, in fact, move the trial court for a competency evaluation subsequent to the filing of the complaint by the State. Trial counsel again moved the trial court for an *Page 5 
evaluation of whether Appellant was competent to understand and subsequently waive his Miranda rights. Both motions were granted.
 {¶ 16} Following evaluation by Dr. Karpawich, Appellant was found to be competent and capable of understanding his actions. Trial counsel was not required to move the trial court for another competency evaluation when such motion did not have a reasonable probability of success. Rather, the record demonstrates counsel's performance fell within the standard of reasonable representation, and counsel did not violate a duty owed to Appellant.
 {¶ 17} Appellant's assignment of error is overruled.
 {¶ 18} Appellant's conviction, sentence and subsequent sexual predator classification in the Richland County Court of Common Pleas is affirmed.
 Hoffman, P.J., Farmer, J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1