[Cite as *State v. Gardner*, 2013-Ohio-2269.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 12CA88 |
| MARSHENE GARDNER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Richland County Common
                                 Pleas Court, Case No. 2012CR0189

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          May 29, 2013

APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

JAMES J. MAYER, JR.                      RANDALL E. FRY
Prosecuting Attorney                     10 West Newlon Place
Richland County, Ohio                    Mansfield, Ohio 44902

By: JOHN C. NIEFT
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, P.J.*

{¶1} Defendant-appellant Marshene Gardner appeals his conviction and sentence entered by the Richland County Court of Common Pleas, on one count of having weapons under disability, in violation of R.C. 2923.12(A)(2), a felony of the third degree; and one count of receiving stolen property (firearm), in violation of R.C. 2923.11 and 2913.51(A), following a plea of guilty. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} The Richland County Grand Jury indicted Appellant on one count of having weapons under disability, and one count of receiving stolen property (firearm). The charges arose from an incident which occurred at the residence at 315 Second Ave, Mansfield, Ohio, on March 24, 2012. At the time of the offense Appellant was on post release control in connection with a 2008 conviction for domestic violence. Appellant appeared before the trial court for arraignment on May 15, 2012, and entered a plea of not guilty to the Indictment.

{¶3} Appellant filed a motion to suppress the evidence obtained during the search of the Second Ave. residence as well as the evidence of his arrest. The State filed a memorandum in response, arguing Appellant did not have standing to seek suppression of the search of the Second Ave. residence as he was neither a resident of the home nor an overnight guest. Alternatively, the State argued police entry into the residence was made pursuant to exigent circumstances and the evidence discovered was discovered during the execution of a search warrant.

---

[1] A statement of the facts underlying Appellant's conviction is not necessary for our disposition of Appellant's appeal.

**{¶4}** The trial court conducted a hearing on the motion on July 3, 2012. At the hearing, Appellant conceded he was neither the owner nor the occupier, but continued to dispute his arrest. Upon conclusion of the hearing, the trial court orally pronounced its rulings. The trial court found Appellant did not have standing to contest the search warrant or the search of the Second Ave. residence. The trial court further found the police had probable cause to arrest Appellant. The trial court also entertained Appellant's oral motion to exclude or limit other acts evidence. The trial court partially granted the motion. The trial court issued its judgment entry outlining its rulings on July 10, 2012.

**{¶5}** On July 5, 2012, the day the matter was scheduled for trial, Appellant appeared before the trial court, withdrew his former plea of not guilty, and pled guilty to both counts of the Indictment. In exchange for his guilty plea, the State agreed not to pursue burglary charges related to the March 24, 2012 incident as well as domestic violence charges which arose prior to March 24, 2012. The trial court accepted Appellant's plea, found him guilty, and sentenced him to an aggregate term of imprisonment of three years. The trial court memorialized the conviction and sentence via Judgment Entry filed July 5, 2012.

**{¶6}** It is from this conviction and sentence Appellant appeals, raising as his sole assignment of error:

**{¶7}** "I. THE DEFENDANT-APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT IN THE UNITED STATES CONSTITUTION TO EFFECTIVE ASSISTANCE OF COUNSEL AS THE TRIAL COUNSEL PLED THE DEFENDANT-APPELLANT GUILTY ON BOTH COUNTS, INSTEAD OF PLEADING THE

DEFENDANT-APPELLANT NO CONTEST, THEREBY PRECLUDING THE DEFENDANT-APPELLANT FROM APPEALING THE RULING OF THE TRIAL COURT ON THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS."

I

**{¶8}** In his sole assignment of error, Appellant raises an ineffective assistance of counsel claim. Specifically, Appellant assets trial counsel was ineffective for failing to advise him that a no-contest plea, as opposed to a guilty plea, would have preserved his right to contest the denial of his motion to suppress.

**{¶9}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis: First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675, 693 N.E.2d 267 (1998).

**{¶10}** The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697.

**{¶11}** Upon review of the record including the transcript of the hearing on the motion to suppress, we find Appellant has not affirmatively demonstrated he would have been successful in an appeal from the trial court's denial of his motion to suppress. Accordingly, we find Appellant was not prejudiced by the failure of trial counsel to advise him to enter a no contest plea.

**{¶12}** Appellant's sole assignment of error is overruled.

**{¶13}** The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Baldwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Craig R. Baldwin_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                           :
                                        :
    Plaintiff-Appellee               :
                                        :
-vs-                                    :                    JUDGMENT ENTRY
                                        :
MARSHENE GARDNER                        :
                                        :
    Defendant-Appellant              :                    Case No. 12CA88


      For the reason stated in our accompanying Opinion, the judgment of the

Richland County Court of Common Pleas is affirmed.  Cost to Appellant.



s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Craig R. Baldwin _____
HON. CRAIG R. BALDWIN