[Cite as *State v. Brown*, 2014-Ohio-2744.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2013CA00167 |
| MICHAEL T. BROWN, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2013CR0203


JUDGMENT:                    Reversed and remanded


DATE OF JUDGMENT ENTRY:      June 23, 2014


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant


JOHN D. FERRERO                       BERNARD HUNT
Prosecuting Attorney,                 2395 McGinty Rd. N.W.
Stark County, Ohio                    North Canton, Ohio 44720

By: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South - Suite 510
Canton, Ohio 44702-1413

*Hoffman, P.J.*

{¶1}   Defendant-appellant Michael T. Brown, Jr. appeals his conviction and sentence entered by the Stark County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE PROCEDURAL HISTORY[1]

{¶2}   Between December 2009, and November 2011, Appellant is alleged to have sexually assaulted six juvenile family members: C.B., N.W., M.B., D.B. S.H. and S.Y.  In February 2012, the Stark County Grand Jury returned a ten count indictment charging Appellant with five counts of rape, pursuant to R.C. 2907.02(A)(1)(b); three counts of gross sexual imposition, pursuant to R.C. 2907.05(A)(4); one count of unlawful sexual conduct with a minor, pursuant to R.C. 2907.04(A)(b)(3); and one count of sexual imposition, pursuant to R.C. 2907.06(A)(4).

{¶3}   Appellant entered a plea of not guilty to the charges, and the matter proceeded to a jury trial.  The State dismissed count two of the indictment charging gross sexual imposition involving C.B. during trial.  Appellant then moved the trial court to dismiss count six of the indictment charging the rape of S.H., as S.H. had been unable to enter the courtroom for either a competency hearing or to testify.  The trial court denied the motion to dismiss as to count six , finding the testimony of M.B., stating he witnessed S.H. engaging in sexual conduct with Appellant, sufficient to deny Appellant's motion to dismiss.

---

[1] A full rendition of the underlying facts is unnecessary for our resolution of the appeal.

{¶4} Appellant then rested at trial without presenting evidence. Appellant moved the trial court for a Criminal Rule 29 judgment of acquittal. The trial court denied the motion.

{¶5} Following deliberation, the jury convicted Appellant on all remaining charges. The trial court imposed sentence as follows,

{¶6} "As for the sentencing, count 1, on rape, ten years to life. Count 2 has been dismissed. Count 3, because the victim is under the age of 12, 15 years to life. That will be consecutive to count 1. Count 4, rape, 15 years to life. That will be consecutive with counts 1 and 3. Count 5 the Court has found will merge with count 4 under *State versus Johnson.* Count 6, the charge of rape, 15 years to life, that will be consecutive to counts 1, 3, and 4. Count 7, rape, 15 years to life. That will be consecutive to counts 1, 3, 4, and 6. Count 8, unlawful sexual conduct with a minor, and the way, under that designation, they go under months now is my understanding, 60 months, which is five years, consecutive with counts 1, 3, 4, 6, and 7. Count 9, gross sexual imposition, 36 months. I'll run that concurrent with count 8. Count 10, sexual imposition, is merged with count 9.

{¶7} "So just so I don't confuse anybody, because there's a lot of counts, count 1 of rape, ten years to life; count 3, rape, 15 years to life, consecutive with count 1; count 4, rape, 15 years to life, consecutive with counts 1 and 3; count 6, 15 years to life, consecutive with counts 1, 3, and 4; count 7, 15 years to life, consecutive with counts 1, 3, 4, and 6; count 8, 60 months, consecutive with counts 1, 3, 4, 6, and 7; count 9, those 36 months will be concurrent with count 8.

{¶8} "If my math is correct, that is 75 years to life."

{¶9}  Tr. at 9-11.

{¶10} The trial court also sentenced Appellant to post-release control.

{¶11} Appellant appeals, assigning as error:

{¶12} "I. THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT THE APPELLANT'S CRIMINAL RULE 29, MOTION FOR ACQUITTAL AND DIRECTED VERDICT FOR COUNT SIX (RAPE) 2907.02(A)(1)(6).

{¶13} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPOSING CONSECUTIVE SENTENCES WITHOUT THE ANALYSIS MANDATED BY O.R.C. 2929.14(C)(4).

{¶14} "III. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHT TO COUNSEL UNDER THE 6TH AND 14TH AMENDMANTS [SIC] TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION."

I.

{¶15} In the first assignment of error, Appellant maintains the trial court erred in overruling his Criminal Rule 29 motion for acquittal as to Count 6 of the indictment relative to the rape of S.H.  We agree.

{¶16} Under Criminal Rule 29(A) of the Ohio Rules of Criminal Procedure, a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a conviction...." Whether a conviction is supported by sufficient evidence is a question of law this Court reviews de novo. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997); *State v. West,* 9th Dist. No. 04CA008554, 2005–Ohio–990, ¶ 33. We must determine whether, viewing the evidence in a light most

favorable to the prosecution, it could have convinced the average finder of fact of Appellant's guilt beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶17} In denying the motion for acquittal, the trial court held,

{¶18} "Let's go to count six. I stayed and reviewed everything and I do think - - this is on the issue of count six, S.H. - - you can go ahead. Yeah.

{¶19} "Ah, when I reviewed the transcript, it does indicate that M.B. - - look at Page 4 and I believe Page 8 - - ah, he does indicate - - he said, Who sucked it.[2]

{¶20} "He said, My cousins.

{¶21} "Your cousins; which cousins are that? Who's that?

{¶22} "D.D., S.H. and C.C. And again, repeats, D.D., S.H. and C.C.

{¶23} "Where did it happen at?

{¶24} "My house.

{¶25} "Ah, then later on, ah, again, ah, he - - gets confusing, 'cause he talks about being R., which is the same person, but on Page 8 he says, Yes, I saw C.C. and S.H. and D.D. suck it. I saw them.

{¶26} "The issue of S.H. may not be the strongest case in the world; I mean, obviously she's not here to testify. On the other hand, she doesn't have to be. I went and reviewed the law on that. There are numerous cases, especially in murders, where victims aren't here and they are convicted.

{¶27} "So they can rely on his testimony of what he saw S.H., ah, doing at that time.

---

[2] Upon review of the transcripts, the trial court references the transcript of the Forensic Interview of M.B.

**{¶28}** "So, ah, if anyone wants to argue some more, you can, but to me it's pretty plain there that it will at least go for the jury to consider.

**{¶29}** "So the state, do you want to be heard anymore on that issue?

**{¶30}** "I did go back and review the whole transcript of the trial and everything given to me.

**{¶31}** "MS. CHAWLA: Not on that issue but others."

**{¶32}** Tr. at 470-471.

**{¶33}** As stated above, S.H. did not enter the courtroom in the jury trial of this matter for her competency hearing and did not testify as to the events at issue. Further, Alissa Edgein, the nurse practitioner at Children's Network did not testify as to her examination of S.H.

**{¶34}** Upon our review of the transcript, we find M.B. testified to the jury:

**{¶35}** "Q. And have you ever played any games with your dad?

**{¶36}** "A. Hide and seek.

**{¶37}** "Q. Okay. Can you tell us what happens when you play hide and go seek?

**{¶38}** "A. He will make us suck his private and all stuff.

**{¶39}** "Q. And who played that game? Do you know?

**{¶40}** "A. All my cousins. Mostly all my cousins.

**{¶41}** "Q. Was that C.C.?

**{¶42}** "A. [Thereupon, the witness nodded his head affirmatively.]

**{¶43}** "Q. And is C.C. CB.?

**{¶44}** "A. Yes.

**{¶45}** "Q. Okay.

**{¶46}** "And who's your other cousin that had to play that game?

**{¶47}** "A. N.W. and S.H..

**{¶48}** "Q. Okay.

**{¶49}** "And M.B., did, tell us how the hide and seek game is played.

**{¶50}** "A. Well, he would like, we would hide and he would call.

**{¶51}** "Q. Okay.  And, M.B., did you see anybody put your dad's private part in any --

**{¶52}** "A. It was pitch dark.

**{¶53}** "* * *

**{¶54}** "Q. And you said that, ah - - did anyone see you suck your dad's private part?

**{¶55}** "A. Yeah, my cousins.

**{¶56}** "Q. Your cousins.  How many cousins?

**{¶57}** "A. I don't, I think six of them.

**{¶58}** "Q. Who, who are the cousins that saw?

**{¶59}** "A. Um, my cousin N.W., and, ah, my cousin C.B. and my cousin R. [S.H.] and, I - - and my cousin - - and my sister, D.B.  And me.

**{¶60}** "Q. And you see anybody else suck your dad's privates?

**{¶61}** "A. No, it was dark.

**{¶62}** "* * *

**{¶63}** "BY MS. CHAWLA:

**{¶64}** "Q. M.B., you said your cousin R.  Does R. have another name?

**{¶65}** "A. S.H.

**{¶66}** "Q. S.H. Okay.

**{¶67}** "And you said when you played the hide and seek game with N.W., R. D.B. and C.B., when your dad put his private in your mouth, was down in the kitchen?

**{¶68}** "A. [Thereupon, the witness nodded his head affirmatively.]"

**{¶69}** Tr. at 279-280, 284, 287.

**{¶70}** Based upon our review of the record and the testimony of M.B. before the jury, we find the evidence is not sufficient to support Appellant's conviction for the rape of S.H. Viewing the evidence in a light most favorable to the prosecution, the evidence is not sufficient to convince the average finder of fact of Appellant's guilt beyond a reasonable doubt. Accordingly, we find the trial court erred in overruling Appellant's Criminal Rule 29 motion for judgment of acquittal as to Count 6 of the indictment relative to the rape of S.H.

**{¶71}** The first assignment of error is sustained.

II.

**{¶72}** In the second assignment of error, Appellant maintains the trial court erred in sentencing him to consecutive sentences.

**{¶73}** As set forth in the Statement of Procedural History, supra, the trial court imposed a sentence of fifteen years to life as to counts 1, 3, 4 and 6 running the sentences consecutively. In light of our analysis and disposition of Appellant's first assignment of error, we find Appellant's second assignment of error premature in light of the necessity for resentencing herein.

III.

{¶74} In the third assignment of error, Appellant argues he was denied the effective assistance of counsel in that his trial counsel failed to subpoena C.J. Taylor, a forensic interviewer of the State to testify.

{¶75} Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis: First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie,* 81 Ohio St.3d 673, 675, 1998–Ohio–343, 693 N.E.2d 267. Furthermore, both prongs of the *Strickland* test need not be analyzed if the claim of ineffective assistance can be resolved under one prong. *State v. Doss,* 4th Dist. Gallia No. 09CA20, 2012–Ohio–883, ¶ 16, citing *State v. Madrigal,* 87 Ohio St.3d 378, 389, 2000–Ohio–448, 721 N.E.2d 52.

**{¶76}** Appellant does not indicate what testimony the expert would have offered to alter the outcome of the trial. Accordingly, Appellant has failed to demonstrate the second prong of *Strickland,* supra.

**{¶77}** The third assignment of error is overruled.

**{¶78}** Appellant's conviction on Count 6 in the Stark County Court of Common Pleas is reversed and the matter remanded for further proceedings in accordance with the law and this opinion.

By: Hoffman, P.J.

Gwin, J. and

Wise, J. concur