[Cite as *State v. Cox*, 2025-Ohio-1239.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-305 |
| v. | : | (M.C. No. 2024 CRB 312) |
| Sakija Cox, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 8, 2025

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias-Hunter, Orly Ahroni,* and *Dave Pelletier*, for appellee.

**On brief:** *Alana Van Gundy*, for appellant.

APPEAL from the Franklin County Municipal Court

BOGGS, J.

{¶ 1} Defendant-appellant, Sakija Cox, ("Cox") appeals the judgment of the Franklin County Municipal Court, which convicted her of assault and disorderly conduct. For the following reasons, we affirm the trial court's judgment.

I. PROCEDURAL HISTORY AND FACTS

{¶ 2} The facts underlying this case occurred on January 2, 2024 at a "99 cent store" on Cleveland Avenue in Franklin County, Ohio when Cox and Sharita Charlton ("Charlton") were in a physical altercation. On January 5, 2024, Cox was charged with assault in violation of R.C. 2903.13 and disorderly conduct in violation of R.C. 2917.11.

{¶ 3} This matter went to trial on April 19, 2024. At trial, Charlton testified that on January 2, 2024 she was in the "99 cent store" when she saw Cox and her friend, Shabu Daniel. (Apr. 19, 2024 Tr. at 9.) Charlton testified that:

> After I saw [Cox], she told me, You better call your daughter.
> And I told her, For what? She ran up on me. She grabbed me.
> She got to hitting me.

*Id.* at 10.

{¶ 4} Charlton testified that she had soreness after the fight. She also stated that she did not try to fight back for fear that Cox or her friend had a weapon. (Tr. at 10-11.) The state submitted surveillance video of the incident from the store into evidence.

{¶ 5} Cox also testified at trial. She stated that while she and her friend were in the store, Cox's three children and her nephew were waiting in her car in the store's parking lot. (Tr. at 26-27.) Cox testified that when she was in the store she ran into Charlton. Cox stated that Charlton began making threats and telling Cox that Charlton's daughter, with whom Cox had a history of altercations, was on her way to the store and was going to "shoot [her] car up." *Id.* at 27. Cox testified that Charlton got into a "fight stance first" and that they engaged in a "mutual" fight. *Id.* at 29. Cox stated that she is the victim of criminal offenses in other cases involving the Charlton family, and that Cox was trying to protect herself and her children and her nephew in her car. (Tr. at 30.)

{¶ 6} Cox testified that she had a strained relationship with the Charlton family, specifically with Charlton's daughter, Davanai Charlton. (Tr. at 20.) Cox testified that there was a history of violence and harassment between Cox and the Charlton family, including members of the Charlton family threatening to harm Cox and Cox's family online. (Tr. at 22.) Cox did not introduce any evidence to corroborate her testimony about the threats or other criminal proceedings involving Cox and the Charltons, and did not have her friend who was with her at the store or any other witness testify.

{¶ 7} On April 19, 2024, the trial court found Cox guilty of assault and disorderly conduct. The trial court immediately proceeded to sentence Cox to 180 days in jail, which was suspended for two years of community control. Cox now appeals.

## II. LEGAL ANALYSIS

{¶ 8} In her sole assignment of error, Cox argues that her attorney provided ineffective assistance of counsel. The Sixth Amendment to the United States Constitution states, in pertinent part, "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense." Article I, Section 10 of the Ohio Constitution similarly provides that, "[i]n any trial, in any court, the party accused shall be allowed to

appear and defend in person and with counsel." To establish ineffective assistance of counsel, Cox must show that her counsel's performance was deficient and that counsel's deficient performance prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In other words, "[t]his requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* Under *Strickland*, appellate courts examine counsel's performance under a highly deferential standard, making every effort to "eliminate the distorting effects of hindsight." *Id.* at 689.

{¶ 9} Cox argues that her counsel was ineffective for failing to: (1) call certain witnesses and introduce evidence to support Cox's testimony, (2) protect Cox's rights under Marsy's Law, and (3) make a Crim.R. 29 motion for acquittal at the conclusion of the state's case-in-chief. We address each of these in turn.

## A. Calling of witnesses and submitting evidence

{¶ 10} For ease of discussion, we first consider Cox's argument that her counsel was ineffective in failing to call her friend and the store owner as witnesses and to present other evidence on her behalf. In her brief, Cox argues that if Cox's counsel had called either witness "it is *possible* . . . they would [have] corroborate[d] her argument of self-defense." (Emphasis added.) (Appellant's Brief at 10.)

{¶ 11} The decision not to call a certain witness is often a matter of trial strategy, as the resultant testimony may be unpredictable or even unfavorable to the defendant. *State v. Thompson*, 2014-Ohio-4751, ¶ 247; *State v. Harris*, 2016-Ohio-3424, ¶ 61 (10th Dist.). " 'Tactical or strategic trial decisions, even if ultimately unsuccessful, will not substantiate a claim of ineffective assistance of counsel.' " *Id.*, quoting *State v. Ryan*, 2009-Ohio-3235, ¶ 77 (10th Dist.). As a result, the decision whether or not to call a witness generally does not deprive a defendant of the effective assistance of counsel absent a showing of prejudice. *Id.*, citing *State v. Roush*, 2013-Ohio-3162, ¶ 40 (10th Dist.).

{¶ 12} Cox does not meet her burden to establish prejudice or show that her counsel's performance was deficient. As she acknowledges in her brief, it is possible either of the witnesses may have corroborated or contradicted Cox's testimony. It would be speculative to conclude the outcome of Cox's trial would have been different had either or

both of these witnesses testified. *State v. Williams*, 2009-Ohio-3237, ¶ 35 (10th Dist.) (finding that, without an affidavit to know the substance of a potential witness's testimony, it is pure speculation to conclude the result of trial would have been different). In her trial testimony, Cox stated that her friend was trying to stop her from fighting Charlton, indicating that her friend's testimony may have contradicted Cox's claim of self-defense. (Tr. at 32.) We also note that Cox herself did not want her friend who was with her at the store to testify, and instead preferred that she remain in the courtroom throughout trial. Cox's counsel stated to the court:

> I told [Cox] that the witness wouldn't be allowed in the courtroom if she was going to testify; so I believe she's not going to testify any longer, at this time . . . . I told her if she's going to testify . . . she has to wait out there . . . but she'd rather have her come in and watch.

(Tr. at 3.)

{¶ 13} Cox also argues that her counsel was ineffective by not submitting evidence that she argues would have corroborated her testimony about prior threats from the Charlton family, directed toward Cox and her family in group chats and in videos posted online. Again, we find that Cox has failed to show that her counsel was deficient or that she was prejudiced by her counsel's performance.

{¶ 14} Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional performance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995) ("Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel."); *State v. Carpenter*, 116 Ohio App.3d 615, 626 (2d Dist. 1996) (court of appeals is to "presume that a broad range of choices, perhaps even disastrous ones, are made on the basis of tactical decisions and do not constitute ineffective assistance"). Here, there are a variety of reasons for which Cox's counsel may have made the strategic choice not to introduce the group chats or videos. For instance, the full contents of a group chat may have been uncomplimentary to Cox's defense and Cox's own testimony suggested that Charlton had stopped interacting with Cox on the group chat a year prior to the incident. As to the online videos, they were

not made by Charlton but by third parties who were not directly involved in this incident. Further, Cox has not met her burden to show that, but for the choices of her counsel in not submitting this evidence, the outcome of trial would have been different.

### B. Marsy's law

{¶ 15} We next turn to Cox's argument that her counsel was deficient in failing to present evidence that Cox was a victim in another case involving Charlton and Charlton's daughter and that under Marsy's law Cox should be protected. Cox argues that there had been a history of conflict between the two families, and if the resulting criminal cases were presented by defense counsel the outcome "presumably" would have been different as the "Court would have then considered the context of the situation a bit more carefully." (Appellant's Brief at 10.) We are not persuaded.

{¶ 16} Cox has not met her burden to show prejudice or that the outcome of trial would have been different had her trial counsel presented additional evidence of prior criminal cases involving the Charlton and Cox families, including cases in which Cox claims she was the victim. Cox's own testimony laid out the tension and conflict between her and the Charlton family and that she had been the victim in other cases. (Tr. at 20-24.) Therefore, the trial court was already aware of the situation, rendering the admission of reiterative evidence unlikely to have changed the outcome of the trial. Without a showing of prejudice, we do not find that Cox's counsel was deficient in choosing not to present this evidence.

### C. Crim.R. 29 motion for acquittal

{¶ 17} Cox also argues that her counsel was ineffective for failing to make a Crim.R. 29 motion for acquittal at the conclusion of the state's case-in-chief. Cox's defense counsel stated that he would normally "put a Rule 29 motion on the record at this time, but I think, based on the evidence, I don't believe the Court would rule in our favor. I'm not going to spend the time to do that." (Tr. at 18.)

{¶ 18} "Defense counsel's failure to make a Crim.R. 29 motion for acquittal is not ineffective assistance of counsel where such a motion would have been futile." *State v. Wallace*, 2008-Ohio-5260, ¶ 63 (10th Dist.). Pursuant to Crim.R. 29, "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment,

information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." This means the trial court may grant a Crim.R. 29 motion only where, construing the evidence most strongly in the state's favor, the evidence is insufficient to sustain a conviction. *Wallace* at ¶ 63, citing *State v. Jenks*, 61 Ohio St.3d 259 (1991). Thus, a Crim.R. 29(A) motion for judgment of acquittal tests the sufficiency of the evidence. *State v. Black*, 2021-Ohio-676, ¶ 16 (10th Dist.).

{¶ 19} Cox was indicted for assault under R.C. 2903.13(A), which states, in pertinent part, that "[n]o person shall knowingly cause or attempt to cause physical harm to another." She was also charged with disorderly conduct under R.C. 2917.11(A)(1), which states that "[n]o person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following: (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior."

{¶ 20} The state argues it introduced sufficient evidence for a fact finder to have found the essential elements of the each charged crime proven beyond a reasonable doubt, mainly through Charlton's testimony. We agree. Charlton testified that she saw Cox in the 99 cent store and that Cox "ran up on me. She grabbed me. She got to hitting me." (Tr. at 10.) Charlton also indicated that she was sore following the altercation, that she takes more anxiety medication following the incident, and that she relives it every time she closes her eyes. *Id*. at 12-13. Here, the state presented sufficient evidence for the jury to decide whether Cox's conduct violated R.C. 2903.13(A) and 2917.11(A)(1). Defense counsel was not ineffective for failing to make a futile Crim.R. 29 motion for acquittal.

{¶ 21} For these reasons, Cox has not shown that her counsel's actions denied her effective assistance of counsel. We therefore overrule Cox's sole assignment of error.

## III.  CONCLUSION

{¶ 22} Having overruled Cox's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

DORRIAN and BEATTY BLUNT, JJ., concur.

———————————