OPINION *Page 2 
{¶ 1} Appellant Danny Gearhart appeals from a judgment of the Richland County Common Pleas Court, Division of Domestic Relations. Appellant claims the trial court erred in finding the existence of a common law marriage between the parties, that certain real property was marital property, and it inappropriately awarded spousal support and COBRA coverage to Appellee. We affirm.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee Patricia Gearhart and Appellant began cohabitating in June of 1983, when the parties were ages 44 and 37, respectively. Appellee had a daughter from a previous marriage. Appellant was employed with AK Steel. Appellee was employed as a nurse's aide at Hillcrest Nursing Center. They contributed their pay checks to the same bank account and paid their household obligations from that account. The account was only in Appellant's name. Beginning in 1984, the parties filed federal joint income tax returns indicating they were husband and wife, using the last name Gearhart, and declaring Appellee's daughter as a dependent.
 {¶ 3} In 1985, the parties purchased and moved into a residence located at 7000 Follin Road, Bellville, Ohio. The property is titled in Appellant's name only. Appellant provided the $16,000 down payment from his wages. The Follin Road mortgage was paid off in 2002 or 2003 and is appraised at $80,000.00.
 {¶ 4} In 1982, Appellant had purchased undeveloped real estate in Knox County by land contract. The land contract was paid off in 1999. In 2001, Appellant sold the Knox County property for approximately $95,000.00. This amount was deposited in the Appellant's bank account. *Page 3 
 {¶ 5} The parties were ceremonially married on March 21, 1990. According to the parties, the marriage occurred so Appellee could be covered under Appellant's health insurance. No children were born as issue of this marriage.
 {¶ 6} In May of 2003, Appellant and his brother inherited 2005 James Road from their mother. In October of 2003, Appellant and Appellee moved into the property. In November of 2003, the parties purchased the brother's one-half interest in the property for $80,000.00. The James Road property was purchased with the proceeds from the Knox County property. Appellant and his brother transferred the James Road property to Appellant and Appellee by survivorship deed. The appraised value of the property is $143,000.00. There is no mortgage on the property. Appellant paid the real estate taxes and insurance out of his account.
 {¶ 7} Appellant inherited approximately $250,000.00 in assets from his mother's estate. In 2004, appellant received $25,000.00 for timber sold from his separate property. He does not expect additional income from timber for another 20 years.
 {¶ 8} Prior to the parties separating, there was a little more than $20,000.00 in cash hidden in a box spring mattress in the marital residence. This cash is now missing.
 {¶ 9} Appellee was last employed in 1995. She does not have any retirement benefits other than Social Security benefits in the amount of approximately $570 per month. Her monthly living expenses total $1,613.00. She has Medicare health insurance. However, without COBRA health insurance coverage, she would have significant uninsured medical expenses. *Page 4 
 {¶ 10} Appellant worked for A.K. Steel from 1969 until 1999, when he retired. He receives a total of $2,865 per month. He has V.A. disability benefits in the amount of $756.00 per month which are not taxable. He receives $1,629.00 in Social Security disability benefits which are not taxable until it reaches $32,000.00 per year. He receives $480 in pension. Appellant had monthly living expenses of $1,699.00.
 {¶ 11} Appellee filed for legal separation on April 18, 2005. Appellant answered and filed a counter-claim for divorce. The case came for hearing before a Magistrate on February 27, 2006 and May 15, 2006. At hearing, the parties entered in a joint stipulation that the Follin Road property was marital property.
 {¶ 12} On September 18, 2006, the Magistrate issued a detailed 31-page decision finding the parties had established a common law marriage in June, 1983; that both the Follin Road and James Road property were martial property; awarded Appellee $1,000 per month in spousal support for seven years (reduced by the amount of Appellee's gross monthly benefit from her share of the marital portion of the Appellant's A.K. Steel pension); and ordered Appellant to pay half of the monthly cost ($335) of COBRA health insurance coverage for Appellee.
 {¶ 13} Appellant filed objections to the decision. The trial court overruled Appellant's objections and approved the Magistrate's decision. The trial court issued a Judgment Entry and Decree of Divorce on February 7, 2007.
 {¶ 14} Appellant raises four Assignments of Error:
 {¶ 15} "I. THE COURT ERRED IN ITS DETERMINATION THAT A COMMON LAW MARRIAGE EXISTED BETWEEN THE PARTIES IN JUNE OF 1983." *Page 5 
 {¶ 16} "II. THE COURT ERRED IN ITS DETERMINATION THAT THE DOWN PAYMENT ON THE 7000 FOLLIN ROAD PROPERTY WAS MARITAL PROPERTY."
 {¶ 17} "III. THE COURT ERRED IN ITS DETERMINATION THAT THE 2005 JAMES ROAD PROPERTY WAS MARITAL PROPERTY."
 {¶ 18} "IV. THE COURT ERRED IN ITS AWARD OF SPOUSAL SUPPORT AND COBRA COVERAGE IT GRANTED APPELLEE."
 I. {¶ 19} Appellant contends the trial court erred in determining that Appellee had established a common law marriage. We disagree.
 {¶ 20} Ohio law prohibits the creation of common law marriages after October 10, 1991. R.C. 3105.12(B)(1). Prior to that time, common law marriages could be formed if the following elements were present: (1) an agreement of marriage in praesenti; (2) cohabitation as husband and wife; and (3) a holding out by the parties to those with whom they normally come into contact, resulting in a reputation as a married couple in the community. Nester v. Nestor (1984), 15 Ohio St.3d 143,145, 472 N.E.2d 1091.
 {¶ 21} Because common law marriages have always been disfavored in Ohio, the party asserting the marriage's existence had the burden to prove those elements by clear and convincing evidence. Id. at 146.
 {¶ 22} Appellee and Appellant were the only witnesses to testify at hearing. Appellee testified when the parties began living together they pooled their incomes and paid bills together, splitting expenses equally. T. at 9. They held themselves out to the public, including the federal government, as husband and wife. T. at 10. *Page 6 
 {¶ 23} Appellant testified that he did not consider himself married to Appellee until the ceremonial marriage in March, 1990. T. at 67. Appellant stated Appellee was not named on the bank account nor did the parties jointly title real estate prior to the ceremonial marriage.
 {¶ 24} Notably, Appellant did not deny that the parties held themselves out to the public as husband and wife, beginning in 1983. He testified he is "not sure" if he signed the federal joint income tax returns for years 1984 through 1989. He testified he didn't know that he received refunds based on the returns, or that Appellee's daughter was listed as a dependent on the joint returns. T. at 85.
 {¶ 25} It is generally up to the trial court, sitting as the trier of fact, to shift through the evidence, perform an evaluation and determine which side is more credible. Sulfridge v. Kindle, Adams App. No. 04CA795, 2005-Ohio-3929, ¶ 20, citations omitted. An appellate court typically defers to trial courts on issues of evidence weight and credibility because, as the trier of fact, trial courts are in a better position than appellate courts to view the witnesses and to observe their demeanor, gestures and voice inflections and to use those observations in weighing credibility. Id. It is also important to note that a trier of fact is free to believe all, part or none of the testimony of any witness who appears before it. Id.
 {¶ 26} In addition, we may not reverse a judgment as against the manifest weight of the evidence so long as it is supported by some competent, credible evidence. Id. at ¶ 23. *Page 7 
 {¶ 27} The trial court accepted the exhibits and Appellee's testimony that the parties lived together as husband and wife, beginning in June, 1983. We find the record is sufficient to support the trial court's conclusion.
 {¶ 28} Accordingly, assignment of error one is overruled.
 II. {¶ 29} Appellant's argues the trial court erred in finding the 7000 Follin Road property was marital property.
 {¶ 30} At hearing, the parties introduced, and the trial court admitted, Joint Exhibit A which states, in pertinent part, "The following is stipulated to be marital property: a. 7000 Follin Road, Bellville, Ohio 44813."
 {¶ 31} The stipulation is signed by both parties and their counsel. Likewise, the parties did not submit at hearing the issue of whether the subject property was marital or separate property. Post-hearing, the Appellant contended the down-payment on the subject property should be considered separate property when he submitted his proposed findings of fact and conclusions of law.
 {¶ 32} We find the trial court did not abuse its discretion in accepting the parties signed stipulation on this issue.
 {¶ 33} Accordingly, assignment of error two is overruled.
 III. {¶ 34} In his third assignment of error, Appellant submits the trial court erred in finding that the 2005 James Road property was martial property. This was the parties' marital residence at the time of their separation in April, 2005. *Page 8 
 {¶ 35} R.C. 3105.171(B) provides that "[i]n divorce proceedings, * * * the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. Pursuant to subsection (A)(3)(a) of the statute, "marital property" includes all real property currently owned by either spouse, or in which either spouse currently has an interest, that was acquired by either spouse during the marriage.
 {¶ 36} At hearing, Appellee claimed one-half interest in the James Road property because Appellant gifted to her half interest in the subject property by joint survivorship deed. T. at 16.
 {¶ 37} Appellant testified at hearing that Appellee's name was placed on the James Road property deed in November, 2003 so "only half of that would be in her name, by her signing her name on it, that's all. That's all." T. at 110. Appellant further testified that an attorney prepared the deed and put Appellee's name on it. He stated "He already put it on, it didn't make any difference anyhow it's my wife, * * *." T. at 80. When asked directly if he intended to gift over that property to Appellee, he stated: "Whatever that would mean, by her putting her name on it, signing her name to the deed." T. at 81.
 {¶ 38} Appellee also testified: "[h]e wanted me to have half the house in case something should happen to him so I would have a place to live." T. at 16.
 {¶ 39} Contrary to Appellant's assertion, there is no evidence in the record that Appellant transferred an interest to Appellee in the James Road property "strictly for *Page 9 
estate planning purposes and not to transfer a present possessory interest in the property". Appellant's Reply Brief, at p. 5.
 {¶ 40} A spouse can convert separate property into marital property by making an inter vivos gift to his or her spouse. Helton v. Helton
(1996), 114 Ohio App.3d 683, 685, 683 N.E.2d 1157, 1159. To prove that an inter vivos gift has been made, the following elements are required: (1) an intention on the part of the donor [husband] to transfer the title and right of possession of the particular property to the donee [wife] then and there and (2), in pursuance of such intention, a delivery by the donor to the donee of the subject matter of the gift to the extent practicable or possible, considering its nature, with relinquishment of ownership, dominion and control over it. Id. at 685-686. "The donee has the burden of showing by clear and convincing evidence that the donor made an inter vivos gift." Id. at 686. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 41} The fact that both parties names are on the deed is not determinative of whether the property is marital or separate, but such evidence may be considered on the issue. R.C. 3105.171(H) and Gibson v.Gibson, Tuscarawas App. No. 2006 AP 01 0009, 2007-Ohio-2087.
 {¶ 42} In light of the execution and delivery of the joint survivorship deed, as well as the Appellant's testimony that half of the property was to be given to the Appellee as a result of the transfer, without any limitation or restriction, we cannot say the trial court erred in finding that the James Road property was marital property. *Page 10 
 {¶ 43} Appellant further argues that even if the subject property was marital property, it would be totally inequitable to the Appellant to allow the judicial division of the property in light of the fact Appellee brought no assets into the marriage and the wealth was accumulated by his family alone. We disagree. The record clearly established that Appellant's donative intent was to presently give half of the property to Appellee, there being no evidence in the record of intent to delay such interest until the death of a spouse. In addition, the marriage was of long duration, over twenty years, and the parties resided on the property as their marital home at the time of separation.
 {¶ 44} Accordingly, assignment of error three is overruled.
 IV. {¶ 45} Lastly, Appellant argues the trial court erred in its award of spousal support and COBRA coverage it granted to Appellee.
 {¶ 46} The sole basis for Appellant's argument appears to stem from his belief that the trial court's determination that the parties' marriage began in 1983 was erroneous, and therefore, the length of the marriage was much shorter in duration and spousal support was not appropriate. In addition, he challenges the trial court's finding that the parties had established a middle class standard of living during the marriage.
 {¶ 47} R.C. 3105.18 (C) lists several factors a court shall consider in determining an appropriate and reasonable spousal support, which includes: the parties' incomes, duration of the marriage, the parties' standard of living during the marriage, the assets and liabilities of the parties, and any other factor found to be relative and equitable.
 {¶ 48} A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. The court of appeals cannot substitute its judgment *Page 11 
for that of the trial court, unless, when considering the totality of the circumstances, the trial court abused its discretion. In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable.
 {¶ 49} Upon review of the record, we find substantial evidence to support the trial court's decision to award spousal support and COBRA coverage to Appellee.
 {¶ 50} For the foregoing reasons, the judgment of the Richland County Common Pleas, Division of Domestic Relations is affirmed.
 Delaney, J. Edwards, P.J. and Farmer, J. concur *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas, Division of Domestic Relations is affirmed. Costs assessed to appellant. *Page 1