[Cite as *Byrd v. Byrd*, 2013-Ohio-4450.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| VICKI BYRD | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| RANDALL BYRD | : | Case No. 2013CA00005 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Common
                                Pleas Court, Domestic Relations
                                Division, Case No. 2011DR00814

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               October 7, 2013

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

ARNOLD F. GLANTZ                        SUSAN PUCCI
Glantz Law Offices                      4429 Fulton Drive NW
4883 Dressler Rd. NW                    Suite 100
Canton, OH 44718                        Canton, OH 44718

*Baldwin, J.*

{¶1}    Appellant Randall Byrd appeals a divorce judgment of the Stark County Common Pleas Court, Domestic Relations Division.  Appellee is Vicki Byrd.

STATEMENT OF FACTS AND CASE

{¶2}    The parties were married in 1996.  During the marriage, the parties lived in a residence located at 711 Ford Avenue S.W., North Canton, Ohio.   Appellant owned this home with his first wife, and purchased her interest in 1991 when they divorced.  In 1999, appellant put appellee's name on the deed to this house.

{¶3}    Appellee filed for divorce in 2011.  The parties agreed on all issues except for valuation and division of the marital residence and ownership of a curio cabinet. The case proceeded to a hearing at which each party presented evidence concerning ownership of the real property and curio cabinet, and each party presented expert testimony regarding the value of the real property.   The magistrate filed a recommendation on August 28, 2012, finding that the value of the property was $87,500.00, roughly in the middle of the two appraisals presented by the parties.  She further found that the real estate was marital property because appellant intended to gift half of the property to appellee at the time her name was placed on the deed.

{¶4}    Appellant filed objections.  On November 7, 2012, the trial court found that the residence was marital property because appellant intended to gift half of the property to appellee.   However, the court sustained the objection regarding the valuation of the property and remanded the case to the magistrate to select a valuation from the evidence presented.  The magistrate filed a new recommendation finding that the value of the property was $99,500.00, the amount testified to by appellee's expert.

The magistrate found that the testimony of Edward Fernandez, appellee's expert, was credible because he "included a more hands-on approach, with more knowledge of the neighborhood."  Appellant's objection to this finding was overruled.

{¶5}   Appellant assigns three errors on appeal:

{¶6}   "I.  THE TRIAL COURT ERRED IN FINDING THAT THE REAL ESTATE WAS MARITAL PROPERTY WHEN APPELLEE FAILED TO PRESENT CLEAR AND CONVINCING EVIDENCE OF AN INTER VIVOS GIFT.

{¶7}   "II.  VALUING THE REAL ESTATE AT $99,500.00 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶8}   "III.   THE TRIAL COURT ABUSED ITS DISCRETION IN EQUALLY DIVIDING THE REAL ESTATE WHEN APPELLANT HAD TRACED $68,000.00 WORTH OF SEPARATE PROPERTY IN THE HOME."

I.

{¶9}   In his first assignment of error, appellant argues that the court erred in finding the property to be marital.  He argues that appellee did not prove he gifted her half of the property as an inter vivos gift, and he only put her name on the deed as an estate planning tactic.

{¶10}   We review a trial court's classification of property as marital or separate under a manifest weight of the evidence standard and will affirm if the classification is supported by some competent, credible evidence.  *Jackson v. Jackson,* 5th Dist. Fairfield No. 12-CA-11, 2012-Ohio-6074, ¶41.

{¶11}   A spouse can convert separate property into marital property by making an inter vivos gift to his or her spouse. *Helton v. Helton*, 114 Ohio App.3d 683, 685, 683

N.E.2d 1157 (1996). To prove that an inter vivos gift has been made, the following elements are required: (1) an intention on the part of the donor to transfer the title and right of possession of the particular property to the donee then and there, and (2), in pursuance of such intention, a delivery by the donor to the donee of the subject matter of the gift to the extent practicable or possible, considering its nature, with relinquishment of ownership, dominion and control over it. *Id.* at 685–686.

{¶12} "The donee has the burden of showing by clear and convincing evidence that the donor made an *inter vivos* gift." *Id.* at 686. Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus (1954).

{¶13} The fact that both parties' names are on the deed is not determinative of whether the property is marital or separate, but such evidence may be considered on the issue. R.C. 3105.171(H); *Gibson v. Gibson,* 5th Dist. Tuscarawas No. 2006 AP 01 0009, 2007-Ohio-2087. See also *Gearhart v. Gearhart,* 5th Dist. Richland No. 2007CA0026, 2008-Ohio-23 (finding that the execution of a joint-survivorship deed and the testimony of the donor husband that half of the property was to be given to the donee wife as a result of the transfer, without any limitation or restriction, supported the trial court's decision that the transfer of interest in the property was an inter vivos gift).

{¶14} In the instant case, appellee testified that at the time her name was placed on the deed, they were both in good health, neither was contemplating death, and there were no thoughts about protecting the asset in the event one of them died. Tr. 53. She testified that she and appellant discussed it and he was gifting her half of the property

by placing her name on the deed. Tr. 54. She testified that their goal was that everything they had would be combined into marital property. Tr. 54. Similarly, while appellant testified that the parties made a will together, he did not testify that the transfer of the house was accomplished for estate planning purposes. Rather, appellant testified:

{¶15} "Q. And somewhere in 1999, was it? You put Vicki's name on the property. Is that correct?

{¶16} "A. Yes.

{¶17} "Q. Could you explain to the Court, in your own words, why you did that? What your motivation was?

{¶18} "A. I just thought it was the right thing to do. I was (inaudible) that we would be together rest of our lives. I just thought it was the right thing to do. I don't know." Tr. 47.

{¶19} Counsel attempted to elicit testimony from appellant that the intent of the transfer was so the property would pass to appellee if he passed away, but objections to these questions were sustained on the grounds that they were leading. Tr. 47-48. Appellant testified on cross-examination that they put everything in both names, and further testified that the only estate planning tool they used was a will. Tr. 49-50.

{¶20} The trial court's finding that the property was marital because appellant put appellee's name on the deed intending to give her one-half of the property is not against the manifest weight of the evidence. The first assignment of error is overruled.

II.

{¶21} In his second assignment of error, appellant argues that the trial court erred in accepting the valuation of the property presented by appellee's expert. Appellant's expert, Timothy Dannemiller, testified that the property was worth $68,000.00 when the parties married in 1996 and $70,000.00 at the time of the divorce hearing. Ed Fernandez, appellee's expert, testified that the property was worth $99,500.00.

{¶22} Valuing property involves factual inquiries and therefore requires an appellate court to apply a manifest weight of evidence standard of review. *Jackson, supra,* at ¶41. An appellate court will not reverse a trial court's valuation if it is supported by some competent, credible evidence. *Seasons Coal Co. v. Cleveland,* 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984).

{¶23} The trial court's finding that the property was worth $99,500.00 was supported by competent, credible evidence. The magistrate noted that Fernandez's valuation included a more hands-on approach, with more knowledge of the neighborhood. While he was not allowed access to the inside of the home, he walked the property and made adjustments for peeling paint, for disrepair of the driveway and for the poor condition of the windows. He reviewed comparable sales within a quarter mile of the home. Further, while appellant's expert does mostly appraisals and not much selling, approximately 80% of Fernandez's business is in sales.

{¶24} The second assignment of error is overruled.

III.

{¶25} In his third assignment of error, appellant argues that because the real property was worth $68,000.00 at the time of the marriage and he owned the property free and clear of a mortgage, he traced $68,000.00 of separate property in the real estate. However, as discussed in the first assignment of error, the evidence established that in 1999 when he placed appellee's name on the deed, appellant intended to make an inter vivos gift of one half of the value of the real estate to appellee. Therefore, the concept of traceability of separate property has no application to this asset.

{¶26} The third assignment of error is overruled.

{¶27} The judgment of the Stark County Common Pleas Court, Domestic Relations Division, is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

CRB/rad

[Cite as *Byrd v. Byrd*, 2013-Ohio-4450.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| VICKI BYRD | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RANDALL BYRD | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 2013CA00005 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Common Pleas Court, Domestic Relations Division is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE