[Cite as *State v. Thompson*, 2019-Ohio-1454.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   |                                |
|------------------------|---|--------------------------------|
|                        |   | JUDGES:                        |
| STATE OF OHIO          | : | Hon. William B. Hoffman, P.J.  |
|                        | : | Hon. Patricia A. Delaney, J.   |
| Plaintiff-Appellee     | : | Hon. Craig R. Baldwin, J.      |
|                        | : |                                |
| -vs-                   | : |                                |
|                        | : | Case No. 18CA74                |
| JOSHUA THOMPSON        | : |                                |
|                        | : |                                |
| Defendant-Appellant    | : | OPINION                        |


CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County
                              Court of Common Pleas, Case No. 18-CR-
                              0100


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       April 8, 2019

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GARY BISHOP                           RANDALL E. FRY
PROSECUTING ATTORNEY                  10 West Newlon Place
BY: JOSEPH C. SNYDER                  Mansfield, OH 44902
Assistant Prosecutor
38 South Park Street
Mansfield, OH  44902

*Baldwin, J.*

{¶1}  Joshua Thompson appeals the sentence imposed by the Richland County Court of Common Pleas after he entered a guilty plea to six counts of burglary in violation of R.C. 2911.12(A)(3), felonies of the third degree.  Appellee is the state of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2}  The facts that lead to the charges filed against appellant in this matter are irrelevant to the resolution of the appeal.

{¶3}  Appellant was charged with twelve counts of Burglary in violation of R.C. 2911.12(A)(3).  After entering a plea of not guilty, appellant changed his plea to guilty as part of a negotiated plea.  Six charges were dismissed and appellant plead guilty to the remaining six.  He was found guilty and sentenced to an aggregate sentence of nine years, ordered to pay several thousand dollars in restitution to the victims and was notified of mandatory post release control.  Appellant filed a timely appeal and submitted one assignment of error:

{¶4}  I. THE APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, AS THE APPELLANT'S TRIAL ATTORNEY FAILED TO OBJECT TO THE SENTENCE THE APPELLANT RECEIVED.

## STANDARD OF REVIEW

{¶5}  Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of

reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

{¶6} Trial counsel is entitled to a strong presumption all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675, 693 N.E.2d 267 (1998). In addition, the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, *quoting Strickland* at 697. Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

## ANALYSIS

{¶7} Appellant's assignment of error proposes that he received ineffective assistance of counsel at the trial level, but the argument offered in support of that assignment suffers from a fatal lack of detail. Appellant claims trial counsel failed in his obligation to object to the sentence imposed by the trial court, but he does not disclose any basis for an objection. As stated, appellant is arguing that trial counsel has an obligation to his client to enter an objection to any sentence imposed by the trial court. Appellant offers no argument regarding the nature of any objection regarding the sentence and cites no legal support to demonstrate that making such an objection is an

essential duty of trial counsel. The only prejudice arguably suffered by appellant is the inability to argue that the sentence was, somehow, inappropriate, but appellant makes no effort to demonstrate that in the absence of this alleged unprofessional conduct, there is a reasonable possibility the outcome of the sentencing hearing would have been different. "An appellate court "is not obliged to search the record for some evidence of claimed error. * * * Rather, an appellant must tell the appellate court specifically where the trial court's alleged errors may be located in the transcript." *Graham v. City of Findlay Police Dept.* 3rd Dist. Hancock. No. 5-01-32, 2002-Ohio-1215 *4 (Mar. 19, 2002) as quoted in *State v. Kinsey*, 5th Dist. Knox No. 08 CA 12, 2008-Ohio-23, ¶ 10. This court is not obligated to search the record to substantiate appellant's assertion; however, in the interest of justice, we will review the sentence imposed by the court below.

{¶8} The trial court imposed the maximum sentence of thirty-six months for each count, with the sentence on three counts to run concurrently with each other and his sentence in a related case. The trial court ordered the sentences on the three remaining counts to run consecutively for an aggregate sentence of nine years, eighteen months less than the sentence recommended by the state. The trial court stated at the sentencing hearing and in its sentencing entry that it considered the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. The trial court also considered, at the sentencing hearing and within its sentencing entry, the elements necessary for determination of the appropriateness of consecutive sentencing under R.C. 2929.14(C). The sentences did not exceed the maximum permissible sentence per offense. Appellant has failed to highlight any

objectionable action in the sentencing process and we have not discovered a basis for an objection.

{¶9} Appellant's unsupported assertion that trial counsel rendered ineffective assistance is not borne out by his argument or the record. Appellant's sole assignment of error is denied.

{¶10} The decision of the Richland County Court of Appeals is affirmed.


By Baldwin, J.,

Hoffman, P.J., and

Delaney, J., concur